797 A.2d 884 (2002)
351 N.J. Super. 196
STATE of New Jersey, Plaintiff-Respondent,
v.
Martin R. TACCETTA, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 2002.
Decided May 29, 2002.
*885 Steven B. Duke of the Connecticut bar, admitted pro hac vice, New Haven, CT, argued the cause for appellant (Law, Froelich & Landesman, attorneys, Kearny; Mr. Duke and Charles Landesman, Kearny, on the brief).
Robert E. Bonpietro, Deputy Attorney General, argued the cause for respondent (David Samson, Attorney General, attorney; Mr. Bonpietro, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and FUENTES.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Defendant Martin R. Taccetta appeals from the denial, without evidentiary hearing, of his petition for post-conviction relief and from the denial of his motion for a new trial and discovery. We are satisfied that one of the issues he raised, namely the alleged ineffective assistance of counsel in respect of plea negotiations, requires determination by evidentiary hearing, and we remand for that purpose. In all other respects, we affirm the denial of the petition and motion.
[The facts are recited in the court's opinion on direct appeal, State v. Taccetta, 301 N.J.Super. 227, 693 A.2d 1229 (App. Div.), certif. denied, 152 N.J. 187, 704 A.2d 17 (1997). The court then discussed other issues.]
With respect to the alleged ineffective assistance of both trial and appellate counsel, defendant makes the following arguments:
A. Defense Counsel Was Ineffective In Evaluating a Plea Bargain and Advising Defendant Concerning It.
B. Trial Counsel Was Ineffective In Failing to Object to the State's Drastic *886 Change In the Theory of Its Case After the Verdict In Its Unlawful Effort to Salvage Its Failure to Prove the Charges. Appellate Counsel Was Ineffective for Failure to Raise This Issue on Appeal.
C. Counsel Was Ineffective In Failing to Request an Instruction on All Elements of First Degree Racketeering and In Failing to Object to the Omission of An Element.
1. Trial Counsel Was Ineffective Prior to the Verdict In Failing to Object to Instructions That Omitted An Element of the Offense.
2. Trial Counsel Was Ineffective Between Verdict and Sentence.
3. Appellate Counsel Was Ineffective.
D. Trial Counsel Was Ineffective for Failure to Request Instructions On A Wide Range of Other Issues.
1. No Second Degree Racketeering Instruction Was Requested.
2. No Unanimity Charge Was Requested on the Kind of Extortion Committed.
3. No Fair/Weeks, Bieliewicz Charge On Accomplice Liability Was Requested.
4. No Charge Was Requested On Conspiracy to Commit Extortion.
E. Counsel Made Other Decisions In the Course of the Trial That Were Ineffective and Prejudicial.
1. Failure to Elicit Leonetti's Prior Inconsistencies.
2. Failure to Call the Storinos as Witnesses.
The only one of these issues that we find to have merit is defendant's claim of ineffective assistance with regard to the plea bargaining. Defendant had previously been charged with and acquitted of Craporatta's murder in federal criminal proceedings. His concern was the exposure he faced on the State racketeering and extortion charges if he were again to be acquitted of the murder, an eventuality that he apparently believed to be likely. It is his assertion that his attorney advised him that the remaining charges were all second-degree crimes on which the exposure would be five to ten years imprisonment, which, defendant asserts, he assumed meant a maximum total exposure of ten years. That assumption was incorrect as a matter of law. First, it did not take into account that the racketeering charges would be elevated to first-degree crimes if the predicate extortion crimes were crimes of violence. Nor did it take into account the prospect of extended-term sentencing or consecutive sentencing. Clearly, then, defendant's exposure, even if he were acquitted of the murder, was substantially beyond a five to ten-year range. Finally, defendant asserts that had he been properly advised as to his sentencing exposure on the racketeering and extortion charges, he would have accepted the State's offer.
In support of defendant's claim, trial counsel submitted a certification in which he attests that he did not consider the prospect of an elevation of the racketeering charges to first-degree crimes if defendant were acquitted of the murder since, in his view, the murder was the only crime of violence involved in the charges and he did not regard the predicate extortion crimes to be crimes of violence, particularly since they had not been so charged. Counsel thus asserts that "when the subject of plea bargaining was raised, I never advised Mr. Taccetta that even if he was found not guilty of the murder, he could still receive virtually the same penalties [as the murder] if convicted of the Storino extortions."
What is not, however, clear from this record is whether the State had actually made a plea offer and, if so, what its terms *887 were, and if not, if it had made an offer to negotiate which was rejected. Although we inquired of the State at oral argument, the Deputy Attorney General did not then have the information as to terms of a plea offer at his disposal. For purposes of our disposition of this issue, we assume, nevertheless that a plea offer or an offer to negotiate was in fact made.
We need not dwell on the standard for remediable ineffective assistance of counsel. It is well settled that in order to prevail on that claim, a defendant must demonstrate not only that his counsel's performance was significantly defective, but also that the defective performance prejudiced defendant's right to a fair disposition of the charges. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); State v. Fritz, 105 N.J. 42, 58, 519 A.2d 336 (1987). And see State v. Norman, 151 N.J. 5, 38, 697 A.2d 511 (1997), reiterating the strong presumption that counsel's performance falls within the wide range of reasonable representation. It is also clear that plea bargaining is a critical stage of the criminal proceeding at which the right of representation attaches. See State v. Powell, 294 N.J.Super. 557, 564, 683 A.2d 1175 (App.Div.1996). And while we have not directly addressed the issue in a reported decision, we agree with those jurisdictions that have held that an attorney's gross misadvice of sentencing exposure that prevents defendant from making a fair evaluation of a plea offer and induces him to reject a plea agreement he otherwise would likely have accepted constitutes remediable ineffective assistance. See United States v. Gordon, 156 F.3d 376, 380-381 (2d Cir.1998); Engelen v. United States, 68 F.3d 238, 241 (8th Cir.1995); United States v. Day, 969 F.2d 39, 43 (3d Cir.1992); Turner v. Tennessee, 858 F.2d 1201, 1205 (6th Cir.1988), vacated on other grounds, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989); Alvernaz v. Ratelle, 831 F.Supp. 790, 792 (S.D.Cal.1993); State v. Donald, 198 Ariz. 406, 10 P.3d 1193, 1200 Ariz.Ct.App.2000), cert. denied, ___ U.S. ___, 122 S.Ct. 63, 151 L.Ed.2d 30 (2001); People v. Curry, 178 Ill.2d 509, 227 Ill.Dec. 395, 687 N.E.2d 877, 887 (1997); State v. Kraus, 397 N.W.2d 671, 672-673 (Iowa 1986).
Where asserted facts in support of a prima facie claim of ineffective assistance of counsel are outside the record, an evidentiary hearing is required. State v. Preciose, 129 N.J. 451, 462, 609 A.2d 1280 (1992). We are satisfied that an adequate prima facie showing was made to mandate an evidentiary hearing in order to afford defendant the opportunity to demonstrate to the court that a favorable plea offer was made, that the advice his counsel gave him respecting his sentencing exposure if acquitted of the murder was seriously deficient in that there was a substantial disparity between the advice and the actual exposure, and that defendant would have accepted the plea offer had he been correctly advised. We accordingly remand to the trial court for the conduct of such a hearing.
The more difficult question is that of remedy in the event defendant should prevail. We think it plain, and defendant concedes, that at this point in the proceedings, the State cannot be held to its original offer. We also recognize the conceptual anomaly of ordering a new trial where there has been no defect in the trial itself that would warrant that relief. On the other hand, we remain convinced that a deprivation of the Sixth Amendment right to counsel requires vindication. Under the circumstances here, we are convinced that the best method of vindication and the fairest both to the State and to defendant, *888 would be to return defendant to the position he was in prior to the plea offer. The State would then have the option of renegotiating a plea, and if it chose not to or if defendant rejected any offer made, he would then have the right to a new trial. See generally discussing but not choosing among remedial options, United States v. Day, supra, 969 F.2d at 47.

[The court here discussed other issues.]
The denial of the motion for discovery and for a new trial on the ground of a Brady violation is affirmed. The dismissal of the petition for post-conviction relief is affirmed on all grounds raised except ineffective assistance of counsel in the plea proceedings. On that ground we remand for an evidentiary hearing consistent with this opinion. If no ineffective assistance is found, the judgment of conviction shall stand. If the court concludes that there was ineffective assistance, defendant shall be granted a new trial.