**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0418-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES D. DIXON,

    Defendant-Appellant.

_____

Submitted February 2, 2017 — Decided February 23, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment
No. 10-03-0358.

Joseph E. Krakora, Public Defender, attorney
for appellant (Steven M. Gilson, Designated
Counsel, on the brief).

Andrew C. Carey, Middlesex County
Prosecutor, attorney for respondent (Joie
Piderit, Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

Defendant appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we remand for further proceedings consistent with this opinion.

I

Following a bench trial, defendant was convicted of second-degree robbery, N.J.S.A. 2C:15-1; second-degree burglary, N.J.S.A. 2C:18-2; third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); fourth-degree false imprisonment, N.J.S.A. 2C:13-3; fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a)(1)(3); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). The court granted the State's motion to sentence defendant to an extended term, see N.J.S.A. 2C:44-3, and imposed an aggregate term of twenty-five years in prison.

Defendant filed a direct appeal from his convictions and sentence. We affirmed his convictions, but remanded for resentencing because defendant was sentenced to a five-year consecutive term for third-degree criminal restraint, when the conviction on that count was for the lesser-included offense of false imprisonment, a disorderly persons offense. See State v. Dixon, No. A-1798-10 (App. Div. Jan. 25, 2013) (slip op. at 40-42). The Supreme Court denied defendant's petition for certification. State v. Dixon, 215 N.J. 486 (2013). On remand,

2

defendant was sentenced to an aggregate term of twenty years in prison.

To put the issues in context, we briefly recount the pertinent evidence adduced at trial. There was uncontroverted evidence defendant entered the home of the victim, J.R., to commit a burglary.[1] In a statement to the police, defendant noted J.R. was coming down the stairs when he first saw defendant. J.R. attempted to run upstairs but slipped and fell, hitting and injuring his face against the stairs. Defendant admitted he took J.R.'s wallet while J.R. lay on the stairs, but denied assaulting him at any time. A neighbor who saw defendant enter the home and suspected a crime was underway contacted the police, who arrived minutes later. The police apprehended defendant while still inside J.R.'s home.

The victim sustained trauma to the brain and facial fractures; he has no memory of the incident. A physician who treated him in the emergency room testified his injuries were caused by blunt force trauma, most likely caused by someone "fisting" J.R in the head or face, as indicated by a depression in his face over one of the fractures. The doctor noted the depression "cannot come from falling. That has to come from . . . somebody hitting you."

---

[1] We use initials to protect the victim's identity.

In making its findings of fact, the court rejected defendant's claim he had not assaulted J.R., determining the medical testimony established he purposely or knowingly caused J.R. bodily injury. Because defendant injured J.R. with this specific intent, the court noted the robbery and burglary convictions were properly graded as second-degree crimes. See N.J.S.A. 2C:15-1; N.J.S.A. 2C:18-2(b)(1).

In June 2014, defendant filed a PCR petition and brief on his own behalf. In those pleadings, defendant claimed trial counsel's performance was deficient in a number of respects, but only one allegation is pertinent to the issues on appeal. That particular allegation is trial counsel advised defendant to reject a plea offer in which he would serve only a ten-year term of imprisonment. Defendant contends counsel advised that, because J.R. cannot recall the events in his home, the State will not be able to prove defendant assaulted, threatened, or put J.R. in fear of immediate bodily injury. Thus, the State will be unable to show all of the elements necessary to establish robbery or second-degree burglary. Accordingly, counsel reasoned, if he went to trial, at worst defendant would be convicted of a third-degree crime.

Defendant made two additional claims in his petition pertinent to the issues on appeal. First, he asserted the trial

4

judge should not have presided over the bench trial, because he had heard and decided a motion to suppress defendant's statement to the police. During the suppression motion, the judge learned of incriminating statements defendant made while in police custody. In addition, defendant was concerned the judge was aware he had eleven prior convictions, many of which resulted in prison terms.

Second, defendant also claimed in his petition the judge erred for failing to "to charge himself on theft, with respect to the alleged robbery." Defendant was apparently under the impression a trial judge must charge himself or herself at the end of a bench trial, just as a court would charge a jury following a jury trial.

The PCR court denied defendant's petition without an evidentiary hearing. In its decision, the court did not address any of the above three contentions.

## II

On appeal, defendant raises the following points for our consideration:

> POINT I — THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR MISADVISING HIM REGARDING CAUSATION OF THE ASSAULT, THEREBY PROMPTING DEFENDANT TO REJECT THE STATE'S PLEA OFFER.

5

POINT II — THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING BECAUSE PCR COUNSEL FAILED TO ADVANCE ALL OF THE ISSUES DEFENDANT RAISED IN HIS PETITION.

POINT III — THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S CLAIMS NOT ADDRESSED BY THE PCR COURT.

Specifically, defendant asserts, as he did before the PCR court, trial counsel was ineffective because he recommended defendant spurn the State's plea offer and urged defendant to go to trial. Defendant also complains PCR counsel failed to argue the trial judge erred for presiding over the bench trial and for failing to charge himself on the issue of theft.

We readily dispose of defendant's argument the trial judge should not have presided over the trial because he heard and decided the motion to suppress and was aware of defendant's criminal history. First, this argument could and should have been asserted on direct appeal; therefore, it is now barred. See R. 3:22-4; State v. Afanador, 151 N.J. 41, 50 (1997). Second, even if this argument were not precluded under the aforementioned authority, as we observed in State v. Medina:

> [E]xposure to inadmissible evidence in the course of pretrial proceedings generally does not require disqualification of the judge even where the judge is to serve as the factfinder. "A judge sitting as the factfinder is certainly capable of sorting

6

> through admissible and inadmissible evidence without resultant detriment to the decision-making process . . . ." State v. Kern, 325 N.J. Super. 435, 444 (App. Div. 1999). Trained judges have the ability "to exclude from their consideration irrelevant or improper evidence and materials which have come to their attention." State v. Kunz, 55 N.J. 128, 145 (1969).
>
> [State v. Medina, 439 N.J. Super. 108, 130 (App. Div. 2002).]

Third, during argument on defendant's application to waive his right to a jury trial, defendant stated he did not have any objection to this particular judge presiding over the bench trial, and even commented, "Your Honor, I honestly believe that you would be fair." The contention the trial judge erred by failing to charge himself is utterly without merit and does not warrant discussion in a written opinion. R. 2:11-3(e)(2).

We turn next to defendant's claim trial counsel was ineffective because he recommended defendant spurn the plea offer and go to trial. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also the deficiency prejudiced his right to a fair disposition of the charges. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

7

There is no question "plea bargaining is a critical stage of the criminal proceeding at which the right of representation attaches." State v. Taccetta, 351 N.J. Super. 196, 200 (App. Div.), certif. denied, 174 N.J. 544 (2002); see also State v. Powell, 294 N.J. Super. 557, 564 (App. Div. 1996); United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). During this stage, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer." Day, supra, 969 F.2d at 43; see also State v. Nichols, 71 N.J. 358, 361 (1976). "Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S. Ct. 316, 322, 92 L. Ed. 309, 319 (1948).

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398, 410 (2012). In Lafler, defendant contended ineffective advice from counsel caused him to reject a plea offer and to go to trial instead. The Court held to establish prejudice in this context, a defendant must show a reasonable probability he or she would have accepted the plea, the court would have found the plea acceptable, and the result

8

would have been less severe than that imposed upon conviction after trial. Id. at 164, 132 S. Ct. at 1385, 182 L. Ed. 2d at 407. Here, the PCR judge overlooked deciding defendant's claim counsel was ineffective on the ground counsel informed defendant the State would not be able to establish he assaulted or threatened J.R., because of J.R.'s inability to recall how he had been injured. Counsel assumed the State would not be able to prove an element of burglary that would elevate this offense to a second-degree crime, see N.J.S.A. 2C:18-2(b), or prove robbery, see N.J.S.A. 2C:15-1(a)(1), but apparently failed to consider the impact of the physician's testimony. During colloquy between the PCR judge and counsel, the judge touched upon but never decided this issue. Thus, we are constrained to remand this matter to the PCR judge, so he can fully address and decide this claim.

Accordingly, we remand this matter to the PCR judge so he may supplement his findings as directed in this opinion. The trial court shall have forty-five days to issue a supplemental opinion. The parties shall have ten days from the day they receive the supplemental opinion to file a letter brief, not to exceed ten pages, on the PCR court's findings.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.

9

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0418-15T1