**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3601-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE NANCE, a/k/a PERNELL
L. DARBY, MARK DAVIS, KNOTT
KNOTT, ALVIN MANCE,
SHAUNDY MYRICK, GHENARDI
NANCE, KEVIN NANCE, ANDRE
A. STARKS, ASMAR STARKS,
NATHAN L. THOMAS, and SHUNDY
MYRICK,

     Defendant-Appellant.

_____

        Submitted October 18, 2018 – Decided  January 4, 2019

        Before Judges O'Connor and DeAlmeida.

        On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-02-0206.

        Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

Michael A. Monahan, Acting Union County
Prosecutor, attorney for respondent (Izabella M.
Wozniak, Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andre Nance appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we remand for further proceedings.

Defendant was convicted by a jury of first-degree robbery, N.J.S.A. 2C:15-1, and fourth-degree possession of an imitation firearm for an unlawful purpose, N.J.S.A. 2C:39-4(e). The trial court imposed an extended-term sentence of sixty years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant appealed, but we affirmed his convictions and sentence. State v. Nance, No. A-1911-12 (App. Div. Oct. 30, 2015). The Supreme Court denied his petition for certification. State v. Nance, 224 N.J. 246 (2016).

The facts underlying defendant's convictions are set forth in our opinion and need not be repeated here. On April 18, 2016, defendant filed a PCR petition. Relevant to the issues on appeal, in his petition defendant contended trial counsel advised him that he could not be sentenced to a mandatory extended term of imprisonment. Defendant argued such advice caused him to reject plea offers he otherwise might have taken and instead proceed to trial,

resulting in his conviction and being sentenced to a mandatory extended term of sixty years.

Defendant also claimed that, during his summation, the prosecutor referenced two statements of a witness who had not testified. Defendant asserted these statements were prejudicial to him. A brief submitted by PCR counsel asserted New Jersey law on prosecutorial misconduct is ambiguous. Therefore, PCR counsel argued, the prosecutor's misconduct had to be evaluated in the context of whether the prosecutor violated defendant's substantive due process rights under the Fourteenth Amendment of the United States Constitution.

We note that, on direct appeal, defendant asserted the prosecutor engaged in misconduct by eliciting from a State's witness one of the two allegedly prejudicial out-of-court statements made by the non-testifying witness. We found the testimony harmless, because the evidence contained in the witness's out-of-court statement had been properly admitted through the testimony of other witnesses. Also on direct appeal, defendant argued the prosecutor wrongfully referenced the second out-of-court statement during his summation. However, we noted that, in its final instructions the trial court

gave the jury a <u>Clawans</u>[1] charge regarding the State's failure to call the non-testifying witness.

Following oral argument for PCR, the court issued a written decision denying defendant's petition. On the issue whether counsel advised defendant he would not be subjected to a mandatory term, the court found the pretrial memorandum, signed by defendant, informed him he qualified for an extended mandatory term and, if convicted, the maximum sentence imposed would be sixty-seven years to life. The pretrial memorandum noted that the plea offer made to defendant was "18 @ 85%," and that, except in extraordinary circumstances, the filing of the memorandum ended all plea negotiations. The PCR court found defendant's claim he was entitled to PCR because of prosecutorial misconduct was barred by <u>Rule</u> 3:22-5, because the issues he asserted had been fully addressed on direct appeal.

Defendant presents the following points for our consideration in his appeal:

> <u>POINT I</u>: THE PERFORMANCE OF THE DEFENDANT'S TRIAL ATTORNEY WAS DEFICIENT WHERE, WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO DEFENDANT, HE OFFERED INCORRECT ADVICE BEFORE DEFENDANT FORMALLY REJECTED THE PLEA OFFER.

---

[1] <u>State v. Clawans</u>, 38 N.J. 162, 170 (1962).

POINT II:  DEFENDANT ESTABLISHED THE
PREJUDICE PRONG IN ORDER TO NECESSITATE
AN EVIDENTIARY HEARING, WHERE A MORE
SEVERE PRISON TERM WAS IMPOSED AFTER A
TRIAL AT WHICH HE WAS FOUND GUILTY
THAN THE STATE OFFERED DURING PLEA
NEGOTIATIONS.

POINT III:  THE PCR COURT ERRED WHERE IT
FOUND THAT DEFENDANT DID NOT
ESTABLISH A PRIMA FACIE CASE THAT
WARRANTED AN EVIDENTIARY HEARING.

POINT IV:  THE PCR COURT ERRED WHERE IT
DETERMINED THAT REVIEW OF A
PROSECUTORIAL MISCONDUCT ANALYSIS
UNDER STATE LAW IS THE SAME AS UNDER
FEDERAL LAW.

In order for a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair disposition of the charges.  See Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).  It is well settled that "plea bargaining is a critical stage of the criminal proceeding at which the right of representation attaches."  State v. Taccetta, 351 N.J. Super. 196, 200 (App. Div. 2002), rev'd after remand, 200 N.J. 183 (2009); see also United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992).

During the plea bargaining stage, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer" and knowledge of

5                                          A-3601-16T4

potential sentence exposure is crucial to the decision of whether to plead guilty.  Day, 969 F.2d at 43; see also State v. Nichols, 71 N.J. 358, 361 (1976). "The defendant must be advised of his susceptibility to an enhanced sentence." Pressler and Verniero, Current N.J. Court Rules, cmt. 1.4.2. on R. 3:9-2 (2018) (citing State v. Cartier, 210 N.J. Super. 379 (App. Div. 1986)).  See also State v. Thomsen, 316 N.J. Super. 207, 214 (App. Div. 1998) (noting "every person is entitled to know, with reasonable exactitude, the penal consequences of any criminal charge he or she is called upon to defend against.").

In Taccetta, the defendant asserted trial counsel failed to advise him of the enhanced sentence exposure he would face on racketeering and extortion charges (of which he was ultimately convicted by a jury) in the event he were acquitted of murder charges.  351 N.J. Super. at 199.  Relying on counsel's misadvice, the defendant rejected the plea agreement he otherwise would likely have accepted.  Ibid.

We reversed the court's denial of PCR without an evidentiary hearing, holding that "an attorney's gross misadvice of sentencing exposure that prevents defendant from making a fair evaluation of a plea offer and induces him to reject a plea agreement he otherwise would likely have accepted constitutes remediable ineffective assistance" that falls below an objective standard of reasonableness, satisfying the first prong of Strickland/Fritz.  Id. at

200.[2] Where a defendant has presented a prima facie claim of ineffective assistance of counsel and the asserted facts in support thereof are outside the record, an evidentiary hearing is required. State v. Preciose, 129 N.J. 451, 462 (1992).

Here, we are satisfied that an adequate prima facie showing was made to mandate an evidentiary hearing in order to afford defendant the opportunity to demonstrate to the PCR court that a favorable plea offer or offers were made, but the advice defendant's counsel gave him respecting his sentencing exposure upon conviction at trial was incorrect, and defendant would have entered a guilty plea in accordance with one of the plea offers had he been correctly advised.

We are aware the pretrial memorandum, which defendant executed, states he qualified for a mandatory extended-term sentence and that, if he rejected "this plea offer," the court could impose up to the maximum sentence permitted if he were convicted after trial. However, defendant contends his counsel advised him that he would not be eligible for a mandatory extended

---

[2] As to the second prong, as the result of subsequent developments in this matter, the Supreme Court subsequently held the defendant was unable to establish prejudice as a matter of law because accepting the plea would have required the defendant to perjure himself, a plan in which the trial court could not be complicit. State v. Taccetta, 200 N.J. 183, 195-96 (2009) ("Court-sanctioned perjury is not a permissible basis for the entry of a plea in this State.").

term if he went to trial, which caused defendant to reject plea offers he otherwise might have taken. Whether his attorney in fact gave him this advice, why defendant accepted such advice over that which was stated in the pretrial memorandum, and whether defendant would have accepted a plea offer but for the subject advice from his attorney must be explored at an evidentiary hearing.

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3601-16T4