**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0729-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JULIO MARCELO,
a/k/a JUAN MARTINEZ,
and JULIO MORCELO,

     Defendant-Appellant.

_____

Submitted December 15, 2020 – Decided January 05, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-03-0367.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Julio Marcelo appeals from an August 6, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2011, defendant was indicted on three counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts one, two, and three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count five); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count six). In 2012, a jury convicted defendant of counts one through four, acquitted him of count five, and the State dismissed count six. The trial judge sentenced defendant to an extended term of twenty-five years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on count two; merged count four into counts one and three, and imposed a concurrent twenty-year sentence subject to NERA on counts one and three.

The parties are familiar with the underlying facts, which we recounted in two prior appeals addressing defendant's challenges to his convictions and sentence. State v. Marcelo, No. A-4573-13 (App. Div. Oct. 25, 2016) (Marcelo I) and State v. Marcelo, No. A-4573-13 (App. Div. Sept. 7, 2017) (Marcelo II).

A-0729-19T4

Pertinent to the issues raised on this appeal, in Marcelo I, defendant challenged the jury instruction on the robbery counts and challenged his sentence as excessive and punitive. Marcelo I, slip op. at 2-3. Regarding the jury instruction, we stated: "Defendant . . . contends his conviction should be reversed because the record is devoid of jury instructions directing the jury to begin deliberations anew after a deliberating juror was replaced by an alternate juror." Id. at 12. Because the record was inadequate to enable us to resolve the issue, we remanded the matter to the trial judge to reconstruct the record in accordance with our instructions, and retained jurisdiction pending the proceedings. Id. at 14-15, 18.

However, we rejected defendant's arguments regarding his sentence, which contested the trial judge's application of certain mitigating factors. Id. at 15-16. At the outset, we stated: "Significantly, defendant does not dispute he was subject to an extended term based on his status as a persistent offender." Id. at 15. Although we concluded the sentence neither violated the sentencing guidelines nor shocked the judicial conscience, we remanded "for the court to amplify the record by explaining the basis for its finding" regarding an aggravating factor which did "not appear to be supported by the record." Id. at

3

17. We concluded defendant's remaining arguments concerning his sentence lacked merit. Id. at 18.

In Marcelo II, we noted the jury instruction issue was moot because the missing transcript, which caused us to direct the trial judge to reconstruct the record, was located following the remand. Marcelo II, slip op. at 2. We also affirmed the sentence, concluding defendant's trial counsel did not object to the application of the pertinent aggravating factor and the court's application of the factor was not plain error leading to an unjust result. Id. at 8.

The Supreme Court denied defendant's petition for certification. State v. Marcelo, 232 N.J. 290 (2018). In 2018, defendant filed a pro se PCR petition, containing a certification alleging ineffective assistance of trial counsel stating:

> I met with my trial attorney two times in preparation for a trial. Both of those meeting[s] lasted about ten minutes. Our discussions about the case were limited and not productive. I felt that the attorney had no time for me or interest in the case.
>
> I do not recall ever discussing with my trial attorney the issue of an extended term. I did not know what the term meant and may well have decided not to go to trial if I had understood the effect of an extended term at sentencing. I do not feel that I received adequate or effective representation.

A-0729-19T4

Although it is not part of the appellate record, we glean from the transcript of the PCR petition that defendant was assigned PCR counsel who filed a brief, which raised an additional issue relating to the robbery jury charge.

In a written opinion, Judge Sheila A. Venable denied the petition and summarized defendant's arguments as follows:

> [Defendant] argues that defense counsel was ineffective for failing to meet with [defendant] sufficiently in order to develop a strategy for trial, in addition to failing to explain the consequences of a plea agreement in which [defendant] was exposed to an extended term of imprisonment. Nor did counsel make any objection to the jury charge for first-degree robbery.

The judge concluded defendant's claim he was never informed of his eligibility for an extended sentence was belied by his own pretrial memorandum, which defendant had

> initialed on each page and ultimately signed[,] . . . [and did] in fact discuss the possibility of an extended term. The answers to several questions on the form show that there was some awareness that [defendant] qualified for an extended term, both discretionary and mandatory in nature, and that he faced a sentence of up to life pursuant to NERA. . . . Moreover, the [m]emorandum also discusses the plea agreement initially offered, consisting of the State recommending a fifteen-year term of imprisonment coupled with eighty-five percent parole ineligibility.

A-0729-19T4

. . . Even assuming, for the sake of argument, that [defendant] did not know precisely what an extended term entailed, he nonetheless appears to have been aware of the consequences of conviction at trial [versus] consequences of a plea deal.

The judge further noted

[defendant] does not discuss what exactly he did not understand about the possibility of an extended term, nor does he elaborate as to how this omission by counsel affected his decision to go to trial. Nor has [defendant] provided any transcript of the court proceedings from which this [c]ourt can determine whether [his] contentions have merit. Therefore, without more, [defendant's] assertion in this regard is merely bare and conclusory in nature, and fails to establish a prima facie case of ineffective assistance.

Addressing the ineffective assistance claim relating to defendant's meetings with trial counsel, the judge stated:

[Defendant] asserts that he only met twice with counsel prior to trial, and that the lack of meaningful communication with counsel ultimately caused a breakdown in communication. . . . However, this appears to be the extent of [defendant]'s discussion of inadequate trial preparation, and he does not specify the manner in which this prejudiced him. With the exception of the alleged failure to explain the extended term, and the failure to object to the ["]and/or["] language in the robbery jury charge, [defendant] provides no specific examples of inadequate performance by trial counsel, nor does he discuss how any such consequences arose from inadequate preparation by and consultation with trial counsel.

6

Regarding the jury charge, the judge stated:

> Finally, with regard to [defendant's] claims of the use of the phrase "and/or" in the instruction to the jury with regard to the robbery charge, it has been held that the "repeated use of 'and/or' wrung from the charge any clarity it might have otherwise possessed." State v. Gonzalez, 444 N.J. Super. 62, 77 (App. Div.[ 2016]). However, as discussed above, it is not entirely clear how many times "and/or" was used in the jury charge in the instant matter, as [defendant] has provided no transcription of the trial or jury charge. Moreover, this particular issue appears to have been raised by [defendant] on direct appeal. . . . However, the Appellate Division concluded that this argument, among others, was "without sufficient merit to warrant further discussion." . . . Therefore, this argument . . . has been foreclosed on direct review.

On appeal, defendant raises the following point:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS DUE TO INADEQUATE CONSULTATION.

We review a judge's denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). "Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992). A defendant raises a cognizable PCR claim if it is based upon a "[s]ubstantial denial in the conviction proceedings of

defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). Because all criminal defendants have the constitutional right to the assistance of counsel in their defense, defendants may bring a PCR claim for ineffective assistance of counsel. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10.

To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). Under the second prong, a "reasonable probability [must exist] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

Initially, we note defendant's appellate brief raises arguments relating to trial counsel's limited meetings with him and the extended sentence issue. Therefore, we do not address the alleged inadequacy of the jury instruction because "[a]n issue not briefed on appeal is deemed waived." Sklodowsky v.

8

<u>Lushis</u>, 417 N.J. Super. 648, 657 (App. Div. 2011).  Regardless, it would be procedurally barred pursuant to <u>Rule</u> 3:22-4(a) and <u>Rule</u> 3:22-5.

The PCR court has discretion to determine whether a hearing is necessary to aid in its analysis.  <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997).  If the court decides a defendant's allegations "are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted."  <u>Ibid.</u> (citing <u>Preciose</u>, 129 N.J. at 462-64).  This is because there is a strong presumption trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Strickland</u>, 466 U.S. at 690.  Further, because prejudice is not presumed, <u>Fritz</u>, 105 N.J. at 52, a defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding.  <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984).

As we noted within the context of a defendant's claim trial counsel failed to investigate his case, "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.  He must allege facts sufficient to demonstrate counsel's alleged substandard performance . . . [and] assert the facts that an investigation would have revealed[.]"  <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999).

Here, defendant's certification alleged trial counsel met with him twice, described the length of the meetings, and characterized the meetings as "limited and not productive." However, more was required because defendant's certification failed to explain how the length of meetings or their substance prejudiced the outcome of the case. He did not describe how longer or more frequent meetings would have constituted effective assistance of counsel or what should have been discussed during these meetings that would have rendered them productive. Defendant's certification offered no facts to support the assertion that trial counsel was disinterested in his case.

We reach a similar conclusion regarding defendant's claim trial counsel failed to advise him of his exposure to an extended term. We have held "an attorney's gross misadvice of sentencing exposure that prevents [a] defendant from making a fair evaluation of a plea offer and induces him to reject a plea agreement he otherwise would likely have accepted constitutes remediable ineffective assistance." State v. Rountree, 388 N.J. Super. 190, 214 (App. Div. 2006) (quoting State v. Taccetta, 351 N.J. Super. 196, 200 (App. Div. 2002)).

As Judge Venable explained, the record lacks any evidence of "gross misadvice" to defendant regarding his sentencing exposure. The objective evidence in the record shows defendant was aware he could receive an extended

term and his PCR certification to the contrary was a bald assertion unsupported by the record or any other facts to support the allegation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0729-19T4