**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3080-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CLYDE GAYLE,

     Defendant-Appellant.

_____

Submitted November 1, 2023 – Decided November 22, 2023

Before Judges Firko and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-08-2273.

Joseph E. Krakora, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Natalie A. Schmid Drummond, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clyde Gayle appeals from an order entered by the Law Division on April 29, 2022, denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

I.

The salient facts and procedural history were previously detailed in our decisions on defendant's direct appeal, State v. Gayle, No. A-0575-14 (App. Div. Mar. 17, 2017), and defendant's first PCR appeal, State v. Gayle, No. A-1332-18 (App. Div. May 1, 2020). We briefly set forth the facts material to our determination of defendant's second PCR appeal.

On August 30, 2012, defendant was charged with second-degree unlawful possession of a weapon, specifically, a .38 caliber handgun, N.J.S.A. 2C:39-5(b) (count one); fourth-degree possession of hollow-nose bullets, N.J.S.A. 2C:39-3(f) (count two); and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b) (count three). On April 24, 2014, a jury convicted defendant of all three counts following a two-day trial. Defendant was extended-term eligible and the court sentenced him to an aggregate term of fourteen years of incarceration, with a seven-year period of parole ineligibility.

Defendant appealed his conviction and sentence. On March 17, 2017, we affirmed both.

Defendant filed a pro se PCR petition arguing he had been denied effective assistance of counsel because his trial counsel failed to advise him to accept a plea offer. The court appointed counsel to represent defendant on the petition. In a supplemental brief, defense counsel asserted an additional instance of ineffectiveness of counsel. Counsel stated that while defendant was in the hallway in the proximity of several jurors, a probation officer asked defendant, "Didn't I have you before?" Counsel further stated that trial counsel was deficient for failing to bring this encounter to the court's attention.

On August 27, 2018, the PCR court denied the petition. Defendant appealed on several grounds, including arguing the PCR court abused its discretion in denying his petition without an evidentiary hearing. On May 1, 2020, we affirmed. On November 17, 2020, the Supreme Court reversed this court's decision and remanded back to the Law Division for an evidentiary hearing. State v. Gayle, 244 N.J. 430 (2020).

A-3080-21

On October 26 and November 16, 2021, [1] the second PCR court held the evidentiary hearing. At the time of the hearing, defendant was no longer incarcerated and testified he was seeking to be resentenced to expeditiously expunge his criminal record.

Defendant's sister, Hanifah Edwards-Lattie, testified she did not personally observe any interaction between defendant and his trial attorneys. She stated she only became aware of the plea offer of a three-year sentence with a one-year parole disqualifier on the first day of trial. Overall, the court determined Edwards-Lattie lacked underlying knowledge or recollection as to relevant events and afforded little credibility to her testimony.

Defendant testified at the evidentiary hearing he was not told of the State's lowest plea offer until after trial commenced. However, the trial court found the transcript demonstrated defendant was present when the plea offer was discussed on the record six months prior to trial.

The court found other significant aspects of defendant's testimony at the evidentiary hearing were contradicted by facts in trial record. For example, defendant testified at the evidentiary hearing he did not know what extended-

---

[1] The written decision states the hearing was November 18, 2021. We reference the date on the transcript certifying the date of the hearing as November 16, 2021.

term eligible meant before trial. However, the transcript of a pretrial conference reflects the trial judge told defendant he was extended-term eligible and defendant responded he understood.

The court also found defendant's testimony that he would have accepted the plea offer if he had been aware of his possible exposure was unsupported in the record. At a pretrial hearing, the trial judge explicitly told defendant he was facing twenty years in prison with ten years of parole ineligibility. On direct examination during the evidentiary hearing, defendant was asked multiple times whether his attorney reviewed sentencing exposure with him, to which he consistently replied he did not recall. Defendant retained a private attorney for the sentencing hearing but that attorney did not testify at the PCR evidentiary hearing.

As to the probation officer's comment, defendant believed certain jurors overheard a probation officer ask him, "Didn't I have you before?" Defendant responded, "yeah." Defendant testified he brought this interaction to the attention of his attorney. However, he could not recall asking his attorney why the issue was not raised to the court. Overall, the court found defendant's testimony lacked credibility and was not supported by the record.

A-3080-21

The State presented the testimony of the two public defenders who represented defendant before and during trial. The court found defendant's pretrial public defender was clear and credible. However, the court gave little weight to the testimony because the attorney retired before defendant's case went to trial, did not recall any specific interactions with defendant, spoke primarily about his general customs and practices as a public defender, and most of his knowledge came from a review of records.

The court found defendant's second public defender was the most credible since her testimony was consistent with the record and was based on her own independent recollection of the case. Counsel testified to successfully arguing for a reduction in defendant's bail and for the State to reduce the plea offer from three years with a three-year period of parole ineligibility to three years with a one-year parole disqualifier.

Additionally, counsel testified to discussing the strengths and weaknesses of the State's case with defendant, as well as his possible exposure of twenty years in prison with a ten-year period of parole ineligibility if convicted. Counsel testified she would not have pressured defendant but would have relayed her recommendation to accept the plea offer under the circumstances.

A-3080-21

Counsel did not have a recollection of defendant telling her about the comment allegedly made by a probation officer. Following the testimony, the court found the preponderance of the evidence did not establish the probation officer made the comment or defendant made counsel aware of it. Additionally, the court found even if the comment was made, the preponderance of the evidence did not show it influenced the outcome of the trial. Therefore, the court found defendant had not established ineffective assistance of counsel as to the alleged statement of the probation officer.

Next, the court considered defendant's claim of ineffective assistance of counsel as to the plea offer. The court determined counsel met with defendant more than once and explained the plea offers, potential counteroffers, and possible sentencing exposure if convicted. At the conclusion of the evidentiary hearing, the second PCR court found defendant had not proven he received ineffective assistance of counsel with respect to the plea offer and again denied defendant's PCR petition.

Defendant raises the following arguments on appeal:

> POINT ONE
> [COUNSEL]'S REPRESENTATION OF DEFENDANT FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND PREJUDICED DEFENDANT.

7

POINT TWO
THE PCR COURT ERRONEOUSLY CONCLUDED
THAT DEFENDANT HAD NOT ESTABLISHED
THAT A PROBATION OFFICER MADE A
PREJUDICIAL COMMENT IN FRONT OF SOME
MEMBERS OF THE JURY DURING A BREAK IN
THE TRIAL.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). "It is a safeguard to ensure that a defendant was not unjustly convicted." Ibid. (citing State v. McQuaid, 147 N.J. 464, 482 (1997)). PCR provides a final opportunity for a defendant to raise a legal error or constitutional issue, including a violation of the right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States. State v. Hess, 207 N.J. 123, 144-46 (2011); see also Afanador, 151 N.J. at 49 (citing McQuaid, 147 N.J. at 482-83) ("Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal.").

"In reviewing a PCR court's factual findings based on live testimony, an appellate court applies a deferential standard; it 'will uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State

v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)).  A PCR court's interpretation of the law is reviewed de novo.  Nash, 212 N.J. at 540-41.

Claims of ineffective assistance of counsel are considered under the standards enunciated in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted by our State in State v. Fritz, 105 N.J. 42, 58 (1987).  In order to prevail, a defendant first must show his attorney's handling of the matter "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  Then, a defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In seeking PCR under Rule 3:22-2, a defendant must prove counsel was ineffective by a preponderance of the evidence.  State v. Gaitan, 209 N.J. 339, 350 (2012).

### III.

We first address defendant's claim of ineffective assistance of counsel predicated on failing to advise him to accept the State's plea offer.  A defendant's right to effective assistance of counsel "extends to the plea-bargaining process."  Lafler v. Cooper, 566 U.S. 156, 162 (2012).  "[A]n attorney's conduct is incompetent when a plea offer is never communicated by the attorney to the

A-3080-21

client." State v. Powell, 294 N.J. Super. 557, 564 (App. Div. 1996) (quoting United States v. Barber, 808 F. Supp. 361, 378 (D.N.J. 1992)).

Additionally, "an attorney's gross misadvice of sentencing exposure that prevents defendant from making a fair evaluation of a plea offer and induces him to reject a plea agreement he otherwise would likely have accepted constitutes remediable ineffective assistance." State v. Taccetta, 351 N.J. Super. 196, 200 (App. Div. 2002). "No matter which way the defendant ultimately chooses to plead, he should know the risk he faces." State v. Martin, 110 N.J. 10, 19 (1988).

In Lafler, the Court set forth the following as to defendant's burden to establish prejudice under Strickland:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e. that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> [Lafler, 566 U.S. at 164.]

After review of the record established at the PCR evidentiary hearing and consideration of guiding legal principles, we find no error in the court's denial of defendant's claim of ineffective assistance of counsel relating to the plea offer. We defer to the court's factual findings, establishing defense counsel met with defendant more than once and explained the plea offer of incarceration for three years including one year of parole ineligibility. Defense counsel then requested an offer of incarceration for eighteen months without any period of parole ineligibility.

Counsel explained to defendant he was eligible for an extended prison term and his possible exposure of twenty-years' incarceration, including ten years of parole ineligibility. Counsel estimated there was a fifty percent chance of success at trial. Shortly before the trial commenced, defense counsel again told defendant the State had re-offered a "three-do-one" plea agreement with the understanding defendant had already served nearly two years.

Defendant asserts the court's findings following the evidentiary hearing overstate the amount of information defense counsel conveyed to him. Defendant also contends it was not reasonable for his attorney to believe there was a chance he would lose at trial and receive an extended sentence but not "aggressively" counsel defendant to take a plea offer.

A-3080-21

We conclude defendant has not met the burden under the first prong of the Strickland test to establish counsel's handling of the matter "fell below an objective standard of reasonableness" based upon our deferential review of the court's factual findings. Strickland, 466 U.S. at 688. The court found counsel had reviewed the range of potential outcomes and, if convicted, possible sentences with defendant based upon the credible testimony proffered to the court at the hearing.

Although trial counsel may have been incorrect in the prediction of the percentage of defendant's likelihood of success, "[as] a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'" State v. Castagna, 187 N.J. 293, 314-15 (2006) (alteration in original) (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)). Moreover, the decision to accept the plea offer ultimately rested squarely with defendant. See RPC 1.2 (In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to the plea to be entered, whether to waive jury trial and whether the client will testify.).

Next, we consider defendant's claim that the second PCR court erred in denying his petition based upon his attorney's alleged failure to bring the issue of the unidentified probation officer's alleged comment in the presence of some jurors to the attention of the court. Defendant argues counsel should have moved for a mistrial in light of the comment because he was prejudiced by not having an impartial jury decide the case.

Our review of the facts is limited and deferential to the findings of the court following the evidentiary hearing. See State v. Garcia, 245 N.J. 412, 430 (2021). Here, we will not disturb the court's factual finding that defendant did not establish the unidentified probation officer's comment was made or defense counsel was told of the comment. The court's factual findings were grounded on defendant's failure to provide details such as the name of the probation officer or any testimony from the officer. Defendant also failed to provide sufficient proof defense counsel knew of the alleged statement. The court did not find defendant's testimony on this issue to be persuasive.

We also conclude the court properly found, if the ambiguous comment was made by the unidentified probation officer, defense counsel could have asked for a limiting jury instruction or a mistrial, but neither option would have

13                                                                                  A-3080-21

favored defendant. The court prudently concluded any limiting instruction would have only brought defendant's criminal record to the attention of the jury. Additionally, "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." State v. O'Neal, 190 N.J. 601, 619 (2007). Therefore, we conclude the court did not err in determining defendant had not established the alleged comment was clearly capable of producing an unjust result and reversal was necessary to prevent an obvious failure of justice.

V.

The court was correct in determining defendant failed to establish the required prongs under Strickland with regard to either of his claims of ineffective assistance of counsel based upon the proofs at the evidentiary hearing. To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14                                                      A-3080-21