294 N.J. Super. 557 (1996)
683 A.2d 1175
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY POWELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1996.
Decided November 6, 1996.
*560 Before Judges DREIER, WEFING and NEWMAN.
Ronald L. Kuby (Kunstler & Kuby) of the New York bar, admitted pro hac vice, argued the cause for appellant (Hayden, Pearle & Silber, and Mr. Kuby, attorneys; Daniel M. Perez and Mr. Kuby, on the brief).
Catherine A. Foddai, Deputy Attorney General, argued the cause for respondent (Peter Verniero, Attorney General, attorney; Ms. Foddai, of counsel and on the brief).
The opinion of the court was delivered by DREIER, P.J.A.D.
Defendant, Anthony Powell, appeals from convictions of possession of cocaine, N.J.S.A. 2C:35-10a(1), and possession with intent to distribute cocaine in an amount in excess of five ounces, N.J.S.A. 2C:35-5a(1) and -5b(1). He was sentenced to a term of twelve years with a four-year parole disqualifier for the first-degree offense and a concurrent three-year term for the simple possession offense.
Defendant was the passenger in a car stopped by the State Police just over the Delaware Memorial Bridge. The car was owned by a friend of defendant (or possibly by a female relative of that friend) who often stayed with him. The driver, defendant Melendez, could not produce a registration for the vehicle, although he did produce a registration in the owner's name for a different car. Melendez and defendant, both students at Virginia State University, gave significantly different stories concerning both where they had driven and their current destination. As a consequence, the troopers requested permission to search the car. The driver gave such permission by signing a State Police form. The State Police form, entitled "CONSENT TO SEARCH," read as follows (the italicized portions were handwritten):
I, Derek N. Melendez, ... hereby authorize Tpr J. Burnham 4947, a member of the New Jersey State Police and any other officer designated to assist, to conduct a complete search of

*561 1987 Toyota Tercel 2DR Va Reg  MDO-853 VIN-JT2EL31D1H0141504 All packages, compartments and luggage

....
I have knowingly and voluntarily given my consent to the search described above.
I have been advised by Tpr J. Burnham 4947 and fully understand the right to refuse giving my consent to search.
I have been further advised that I may withdraw my consent at any time during the search.
Defendants asked if they could sit in the trooper's patrol car during the search because the weather was cold. Melendez was told that he could stop the search at any time and, even though the police car doors were automatically locked, he was in a position to do so. Neither defendant indicated that he tried to attract the officer's attention in any way. After two brief searches of the car which yielded the registration for this particular car in the name of defendant's friend (or his relative) but no contraband, one of the troopers noticed that a side panel of the driver's door was loose. Upon removing the panel, the trooper discovered a bag containing five and one quarter ounces of cocaine.
Defendant Melendez has already appealed his convictions, raising points different from those urged by defendant in this case. We affirmed.
Defendant raises five points on this appeal.
I. THE REPETITIOUS, UNREASONABLY INTRUSIVE, AND WARRANTLESS SEARCHES OF THE AUTOMOBILE VIOLATED POWELL'S RIGHTS UNDER THE CONSTITUTION OF THE STATE OF NEW JERSEY, AND THE CONSTITUTION OF THE UNITED STATES.

A. The scope and intensity of the search dramatically exceeded the circumstances that gave rise to the search.

B. The search exceeded the scope of consent tendered by Melendez and acquiesced to by Powell.

II. POWELL WAS NEVER ADVISED THAT HE COULD, AFTER THE SUPPRESSION HEARING BUT PRIOR TO TRIAL, PLEAD GUILTY, OBTAIN THE LESSER SENTENCE, AND APPEAL THE SUPPRESSION HEARING DECISION. SUCH FAILURE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL. (NOT PRESENTED BELOW).

III. THE JURY WAS REPEATEDLY INSTRUCTED BY POWELL'S CODEFENDANT'S COUNSEL THAT BEYOND A REASONABLE DOUBT MEANS *562 "SOMEWHERE" BETWEEN SEVENTY AND ONE HUNDRED PERCENT CERTAIN. THAT INSTRUCTION, WHICH STOOD UNCORRECTED, CONSTITUTES PLAIN ERROR. (NOT PRESENTED BELOW).

IV. THE COURT DID NOT INSTRUCT THE JURY THAT IT COULD RETURN DIFFERENT VERDICTS FOR EACH OR BOTH OF THE CODEFENDANTS, AND AS TO EACH OF THE CHARGES BEING TRIED. THAT FAILURE, A VIOLATION OF POWELL'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, CONSTITUTES PLAIN ERROR. (NOT PRESENTED BELOW).

V. THE SENTENCE IMPOSED IS PATENTLY EXCESSIVE AND UNUSUAL FOR THE CRIME OF CONVICTION [sic], AND VIOLATES THE CONSTITUTIONS OF THE UNITED STATES, AND THE STATE OF NEW JERSEY (NOT PRESENTED BELOW).

Only the first, second and last of defendant's points appear to have any substance; the other two points are without merit. We will therefore treat them in due course only briefly. R. 2:11-3(e)(2).

I.
Defendant first claims that the search of the car violated his constitutional rights in that its scope and intensity exceeded the circumstances giving rise to the search and also exceeded the scope of consent given by Melendez and acceded to by Powell. The circumstances of this search are significantly similar to those of State v. Santana, 215 N.J. Super. 63, 521 A.2d 346 (App.Div. 1987). In that case we clearly noted that a consensual search of the car can include the removal of a door panel. Id. at 74-75, 521 A.2d 346.
Defendant claims, however, that the language of the consent form limits the search to "[a]ll packages, compartments and luggage," and only to a single search thereof. Furthermore, defendant contends that the investigating officers had a duty to determine which of the defendants had the superior right to the car, and to obtain the consent from that defendant. Defendant asserts that he had such superior right. Thus, defendant reasons, the search of the area behind the door panel and the multiple intrusions into the car caused the search to be beyond the scope of the consent.
*563 We reject these claims. First, the language of the form permits "a complete search" of the vehicle. The handwritten language, except for the word "compartments," adds the contents of the car to the scope of the search. We take the use of the word "compartments" merely as an indication that the search could not later be argued to have been limited to open areas of the vehicle. Alternatively, even if the handwritten language were to be considered a limitation on the scope of the "complete" search, the door "compartment" behind the panel could be included in the defined area.
With regard to the argument that only one intrusion into the car was authorized, we note that the search was to be "complete," and also that more than one officer was included in the consent given. Until either the troopers reasonably deemed the search complete or their authority was revoked by Melendez, the consent remained viable.
Defendant's claim of a superior right to the car because his friend entrusted the car to him is likewise unavailing. As we noted in Id. at 69-71, 521 A.2d 346, we do not impose on investigating officers any duty to determine the actual property rights of those in apparent possession of the property or area to be searched. Rather, "[s]ince the reasonableness of the police action at the time is the question to be determined, the case must turn upon the appearances of control at the time...." State v. Santana, supra, 215 N.J. Super. at 71, 521 A.2d 346. Because the driver is in apparent control of the vehicle, it is objectively reasonable for the police to accept the driver's permission to search when the passenger does not demonstrate ownership or other superior right to possession of the vehicle. State in the Interest of C.S., 245 N.J. Super. 46, 50-51, 583 A.2d 785 (App.Div. 1990); State v. Binns, 222 N.J. Super. 583, 590-91, 537 A.2d 764 (App.Div.), certif. denied, 111 N.J. 624, 546 A.2d 540 (1988).

*564 II.

Defendant next contends that he was denied effective assistance of counsel when he was not informed following the suppression motion that, under R. 3:5-7(d), the State would accept a plea bargain conditioned upon defendant's unsuccessful appeal of the suppression decision. Defendant states that he proceeded to trial because he had no knowledge that he could preserve a limitation on his downside risk and still challenge the admissibility of the drugs. He claims never to have been informed by his trial counsel of the State's renewed offer for a greatly reduced term.
In order to determine whether appellant has made out a prima facie case that he was not rendered adequate legal assistance, this court must apply the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by New Jersey in State v. Fritz, 105 N.J. 42, 58, 519 A.2d 336 (1987). As summarized in State v. Preciose, 129 N.J. 451, 609 A.2d 1280 (1992), defendant must prove first that counsel was deficient and second that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 463-64, 609 A.2d 1280 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698).
The record is understandably bare regarding what defendant knew. Since defendant has never had a factfinding hearing on this point, we must view his assertions in the light most favorable to him, and appraise them against the State's contrary arguments. Essentially, defendant alleges he was not told about a plea offer. It should be noted initially that "the plea bargain stage is a critical stage with regard to the right to effective assistance of counsel." United States v. Barber, 808 F. Supp. 361, 378 (D.N.J. 1992), aff'd, 998 F.2d 1005 (3d Cir.1993) (citations omitted). Furthermore, as determined by the Barber court, "an attorney's conduct is incompetent when a plea offer is never communicated by the attorney to the client." Ibid. (citation omitted). This is similar to the alleged situation in the present *565 case, where defendant claims that the consequences of a plea offer were not communicated to him.
The State presented no evidence that defendant knew about the possibility presented to him under R. 3:5-7(d). The State does direct us to a letter written to defendant's trial attorney about a plea, but this does not show that defendant's attorney informed defendant that he could plead guilty and still appeal the denial of the suppression motion. The State also points to a statement made at the sentencing hearing by the assistant prosecutor who tried that case that to her knowledge "both defendants were well aware of the possibilities they had...." This is insufficient, without a factual hearing, to overcome defendant's claim to the contrary. Defendant thus has made out a prima facie case under the first prong of the Strickland/Fritz test.
The second prong, that there be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," has been described as "far more difficult" to prove. Preciose, supra, 129 N.J. at 463, 609 A.2d 1280. However, at this stage of the case, our analysis can be quite simple. We merely examine the difference between the proposed sentence, the offer of which was allegedly not conveyed to defendant, and the sentence actually imposed by the trial judge. Before the suppression motion was heard, defendant was offered a seven-year term without a parole disqualifier. After defendant's unsuccessful suppression hearing, the State was willing to downgrade the charge to one of the second-degree, with a sentence as a third-degree offender with the presumptive term of four years, and still without a parole disqualifier. With all prison credits, defendant could have served as little time in prison as nine months and twenty-four days. His flat eligibility term would have been one year and four months. Defendant, however, was sentenced to a twelve year prison term with a four-year parole disqualifier, along with the concurrent three years on count one. Therefore, if defendant had taken the plea, which he may well have if he had been informed of his R. 3:5-7(d) option, the length of the sentence *566 would have been vastly different. Because this action by defendant is clearly a "reasonable probability," and because the State had not put forth anything to contradict this probability, defendant has also made out a prima facie case under the second prong of the Strickland/Fritz test.
Defendant, through new counsel, moved for an evidentiary hearing on this issue prior to sentencing. Because defendant has presented a prima facie case of ineffective assistance of counsel, we order such a post-conviction relief evidential hearing pursuant to R. 3:22-2(c).

III.
Defendant next attacks an "instruction" to the jury given by codefendant's attorney concerning reasonable doubt. The offensive statement came first during the opening statement, when Melendez' attorney said:
[T]he standard in a criminal case is that the State of New Jersey must prove beyond a reasonable doubt. And on this continuum, from this bar here, that standard goes all the way, ladies and gentlemen, to here. It's not one hundred percent of this bar, but it's somewhere between seventy and one hundred percent, somewhere.
While Melendez' attorney during this opening statement, and later in summation, clearly misstated the concept of reasonable doubt, the judge told the jury in no uncertain terms that it should follow his instructions, not those given by the attorneys. The judge's definition of reasonable doubt was accurate. We presume that the jury followed the judge's instructions. See State v. Winter, 96 N.J. 640, 648-49, 477 A.2d 323 (1984).

IV.
Next, defendant complains the jury was not told it could return different verdicts as to each of the defendants. However, as the State points out in its brief, on at least three occasions this was clearly stated to the jury. First, regarding the elements of the crime of possession, the judge stated, "The statute if read together with the indictment identifies the elements which the state must *567 prove beyond a reasonable doubt to establish the guilt of the defendants in this case, each of those defendants, depending upon which one you're considering." Second, before instructing on the elements of the crime of possession with intent to distribute, the judge said, "Now, therefore, ladies and gentlemen, as you consider the charges against each of the defendants separately...." Third, it is clear from the jury verdict sheet that defendants were to be considered separately. Defendant's assertion therefore lacks merit.

V.
Lastly, defendant attacks his sentence as excessive, even though it falls below the presumptive range for a first-degree crime. He raises two issues: one, a misassessment of the aggravating and mitigating factors, and two, a failure to require and assess the prosecutor's reasons for not waiving the otherwise mandatory period of parole ineligibility.
The judge made it clear that the deterrence factor prevented him from imposing a sentence for a second-degree crime, even though the judge recognized defendant was entitled to several mitigating factors. The problem we see with the sentence is that the judge stated that he was influenced by the amount of drugs (just a quarter ounce over the minimum needed for the first-degree crime). However, the amount was already an element of the crime. See State v. Pineda, 119 N.J. 621, 627-28, 575 A.2d 855 (1990); State v. Gardner, 113 N.J. 510, 519, 551 A.2d 981 (1989). This leaves only one real aggravating factor, the need for deterrence, either individual or general. The judge was clear that he did not think defendant needed individual deterrence, because one mitigating factor he found was that defendant was unlikely to commit another crime. Therefore only general deterrence remains as an aggravating factor. Yet, if this one factor prevented consideration of reduction, or even the downgrading of the sentence in this case, then it most probably would have this effect in all cases. Cf. State v. Jarbath, 114 N.J. 394, 405, 555 A.2d 559 *568 (1989); State v. Gardner, supra, 113 N.J. at 519-20, 551 A.2d 981. Since this matter must be remanded for resentencing on the Vasquez point, infra, the judge should also reconsider the sentence imposed based upon the issues just noted, unless defendant is to be afforded different relief as a result of his PCR application.
We are also asked to remand for resentencing in order for the court to assess the State's explanation as to why it did not waive all or part of the parole disqualifier, pursuant to N.J.S.A. 2C:35-12. See State v. Vasquez, 129 N.J. 189, 196, 609 A.2d 29 (1992). See also State v. Lagares, 127 N.J. 20, 32-33, 601 A.2d 698 (1992); State v. Gonzalez, 254 N.J. Super. 300, 309, 603 A.2d 516 (App.Div. 1992); State v. Todd, 238 N.J. Super. 445, 461-62, 570 A.2d 20 (App.Div. 1990). The prosecutor did not state her reasons on the record as required by Vasquez. In that case, the Supreme Court held that because N.J.S.A. 2C:35-12 vests sentencing power in the prosecutor, the prosecutor "should state on the record the reasons for the decision to waive or the refusal to waive the parole disqualifier.... A defendant who shows clearly and convincingly that the exercise of discretion was arbitrary and capricious would be entitled to relief." Vasquez, 129 N.J. at 196, 609 A.2d 29 (citations omitted).
Since we are aware of the State's post-suppression motion offer to defendant of a four-year term without a parole disqualifier, in this case especially there must be a remand in order to give the State an opportunity to state on the record its reasons for refusing to waive the disqualifier and to give defendant a chance to show that those reasons are arbitrary and capricious. See State v. Shaw, 131 N.J. 1, 18, 618 A.2d 294 (1993). Certainly defendant's resort to a trial as opposed to a plea should not have worked to his detriment. N.J.S.A. 2C:44-1c(1).
Defendant's convictions, with the exception of the sentence imposed, are affirmed, subject to a post-conviction relief hearing as noted herein. If no relief is granted as a result of such a post-conviction hearing, the matter is remanded for resentencing.