# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5141-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SCOTT WAYNE HARRIS,

    Defendant-Appellant.

_____

        Argued November 9, 2018 – Decided January 18, 2019

        Before Judges Simonelli, Whipple and DeAlmeida.

        On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 92-02-0158.

        Louis H. Miron, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Louis H. Miron, on the brief).

        Andre R. Araujo, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Andre R. Araujo, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant, Scott Wayne Harris, appeals from a May 12, 2016 denial of his third petition for post-conviction relief (PCR). Defendant alleged his second trial counsel was constitutionally ineffective because she failed to communicate a plea offer. The court granted defendant an evidentiary hearing but concluded his ineffective assistance claim was meritless and denied relief. We agree and affirm for the following reasons.

This is the fourth time this Court has reviewed defendant's case, either on direct appeal or PCR. The facts surrounding the charged offenses are summarized in the direct appeal, State v. Harris, A-5202-92 (App. Div. Nov. 17, 1995), and we need not repeat them here. We focus our attention on defendant's allegations in his PCR petition concerning the conduct of his trial counsel in 1992 and the revival of a tainted jury claim he first brought in a 1996 PCR petition.

On February 6, 1992, defendant was charged with: first-degree attempted murder, N.J.S.A. 2C:5-1, 2C:11-3(a)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); first-degree sexual aggravated assault, N.J.S.A. 2C:14-2(a); third-

degree terroristic threats, N.J.S.A. 2C:12-3(a); third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(d); first-degree kidnapping, N.J.S.A. 2C:13-1(b); second-degree witness tampering, N.J.S.A. 2C:28-5(a); and fourth-degree tampering with evidence, N.J.S.A. 2C:28-6(1). A jury convicted defendant of all counts except attempted murder. After we modified the sentence imposed by the trial judge, defendant was sentenced to a fifty-year term with a twenty-five-year parole disqualifier.

In 1996, defendant filed his first PCR petition. He alleged someone named "Fletcher Shay Skerl" contacted juror T.S. and informed her of defendant's criminal history and expressed doubts about defendant's innocence. The first PCR judge conducted an evidentiary hearing but denied relief because he did "not believe [defendant's] testimony" and found defendant's claim "to be incredible." We affirmed.

In 1997, defendant filed his second PCR petition alleging the police violated his Miranda[1] rights, the trial judge gave incorrect instructions concerning the requirement for a unanimous verdict and defendant's trial counsel rendered ineffective assistance. The PCR judge denied defendant an evidentiary

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

hearing, we affirmed, and our Supreme Court denied certification. Defendant's petition for a writ of habeas corpus was unsuccessful.

On September 30, 2013, defendant filed another PCR petition. Defendant alleged his trial counsel was constitutionally ineffective because she did not communicate a plea offer extended by the State. As proof, defendant submitted a newspaper clipping, allegedly discovered in 2013, reporting the State extended a plea offer to defendant of forty years imprisonment with twenty-year parole ineligibility for the first-degree kidnapping and second-degree aggravated assault charges. On May 14, 2014, defendant filed a supplemental brief reviving his tainted jury claim.

On July 29, 2014, the court appointed counsel to represent defendant on the ineffective assistance claim but denied assignment of counsel to the jury tampering issue. We denied defendant's motion for leave to appeal the court's order. While an appeal to the Supreme Court was pending, another judge ordered counsel to be appointed to all issues raised in defendant's third PCR petition and granted defendant's motion to change venue.

The judge, who then considered defendant's third PCR petition, authored a written opinion finding defendant stated a prima facie case of ineffective assistance of counsel and ordered an evidentiary hearing. The judge concluded

4

defendant's ineffective assistance claim was timely and not barred by Rule 3:22-12(a)(2) because defendant claimed he first learned of the uncommunicated plea deal in 2013 and filed a third PCR petition the same year. However, the judge held Rule 3:22-5 barred defendant's jury tampering charge because it was previously adjudicated on the merits upon defendant's first PCR petition.

We discern the facts relevant to defendant's ineffective assistance claim from the hearing record. In February 1992, Linda Lawhun was appointed to represent defendant. She described defendant as the most "engaged" client she ever had and characterized their working relationship as "very good." The prosecutor had a similar memory of defendant and recalled him as "the most involved of any of the defendants I've ever prosecuted." Defendant constantly wrote letters to Lawhun to discuss his case, including several prior to trial that are at the heart of this PCR petition.

Prior to trial, defendant wrote a letter to his first trial counsel, insisting he wanted a plea of twenty-to-twenty-five years flat so he would be released from jail by age sixty-five. Lawhun testified defendant wanted a plea of twenty years to avoid maximum sentencing exposure. Instead, the prosecutor only offered defendant a plea of first-degree kidnapping and second-degree aggravated assault with no sentencing recommendation, meaning defendant's maximum

sentencing exposure under the plea would be a forty-year term with parole ineligibility of twenty years (40/20 plea offer). The prosecutor testified Lawhun asked whether the State would accept a twenty-year flat sentence, but the prosecutor declined the request. On April 30, 1992, defendant signed a trial memorandum refusing the State's offer to plead guilty to the assault and kidnapping charges "with no rec." On May 28, 1992, the trial judge asked Lawhun in open court, "Will your client be able to reach a conclusion with respect to the plea bargain by next Friday with the four, five and six indictments still outstanding?" To which she responded, "I won't know that until I've had a chance to speak with him." On June 9, 1992, the trial judge warned defendant the following day was his last to accept the State's plea offer. The prosecutor testified the trial judge discussed the plea with defendant and Lawhun testified that the trial judge always reviewed pleas with defendants.

Defendant asserts Lawhun never communicated the 40/20 plea to him and therefore she was constitutionally ineffective. As proof, defendant points to an exchange of letters between he and Lawhun from 1992. On March 25, 1992, defendant wrote to Lawhun requesting she secure "a plea offer of whatever amount of time you deem appropriate and reasonable considering the [indiscernible] of my case." Lawhun responded on April 2, 1992, and explained:

> I have received your numerous letters concerning a plea bargain in your case. At the present time the prosecutor's offer remains the same. That is to say that she is willing to let you plead guilty to the kidnapping count and the aggravated assault count but will not recommend a specific sentence to the court.
>
> In effect, you are being offered nothing, because the maximum time that you would be sentenced to if you were to go to trial is similar to that which you could receive if you pled guilty to these two counts.

Defendant wrote Lawhun back, saying:

> Frankly, I'm confused because when you last spoke with me over the telephone, during our 15 minute conversation, you told me that I have a "No Rec Plea Offer" that is at the discretion of the court. Now, you are saying, according to your April 2, 1992 letter to me, it is your opinion that my case will end up being placed on the trial list. . . . Well, just do your best to get me a plea offer.

The record does not contain Lawhun's responsive letter, if one was written.

Lawhun acknowledged she described the State's plea offer as equivalent to "being offered nothing" because the sentencing exposure on the assault and kidnapping charges was the same under the State's offer as if he went to trial. When asked whether her letter was referring to defendant's full sentencing exposure if found guilty at trial of all crimes, Lawhun disagreed and explained her letter referred only to the sentencing exposure of assault and kidnapping under the State's plea offer compared to defendant's exposure if found guilty of

7

the same two crimes. The prosecutor agreed with this characterization because the State offered defendant a plea to two of the several charges with no sentencing recommendation, meaning defendant ran the risk of facing full sentencing exposure on all crimes charged if found guilty at trial.

Several letters and pre-trial hearing transcripts from when the plea deal was discussed are not included in the record. At some point after the evidentiary hearing was granted but before the hearing, the State learned defendant had written to Lawhun saying, "Unlike me, the State does not have the plea offer hearing transcripts in my criminal case" and "Lucky for me, I saved your letters to me. I will see you at my evidentiary hearing. Also, I kept my transcripts too." The State filed an ex parte application with the PCR judge requesting seizure and in-camera review of the documents defendant had in his jail cell. The judge granted the application but prohibited defendant's PCR counsel from informing defendant for fear he may destroy the documents. Defendant's cell was searched, but neither the transcripts nor letters were found.

Following the evidentiary hearing, on May 12, 2016, the judge denied defendant's PCR petition. The judge concluded the newspaper clipping, Lawhun's April 2, 1992 letter, and the trial memorandum all demonstrated defendant knew of and rejected the 40/20 plea offer. The judge found it "curious

defendant retained and presented only this one letter from Ms. Lawhun, which he attempts to argue to his advantage, when Ms. Lawhun wrote defendant approximately 12 other letters." Moreover, the judge found it "inexplicable" that defendant, "who terms himself a meticulous saver of documents," did not have the April 30, 1992 pretrial transcript where the trial court presumably reviewed the plea offer with defendant. The judge also found the newspaper article was evidence demonstrating the 40/20 plea offer was made in open court and refused to allow defendant to simultaneously argue the newspaper article proves the offer was never communicated to him, while also showing the offer was in fact made. Thus, the judge concluded "[t]here is simply no evidence that the article could reflect anything other than what had occurred in open court on that same date." Based on these findings, the judge concluded defendant could not prove Strickland's[2] prejudice prong, and, even if he could, there was credible evidence indicating he would never have accepted the 40/20 plea offer in the first instance.

The judge also ruled on December 28, 2015, that defendant's jury tampering claim was procedurally barred. The judge found this claim to be

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

sufficiently identical to the claim defendant brought in his first PCR petition.

The appeal of both orders followed.

Defendant, through counsel, raises the following issues on appeal:

I. THE PCR COURT ERRED IN RULING THAT HARRIS RECEIVED THE EFFECTIVE ASSISTANCE OF COMPETENT COUNSEL IN CONNECTION WITH THE STATE'S PLEA OFFER TO HARRIS.

    A. The <u>Strickland-Cronic-Fritz</u> Standard

    B. Harris Received Ineffective Assistance of Counsel in Connection with his Plea Bargaining

    C. Trial Counsel's Assistance was Constitutionally Defective as It relates to the State's 40/20 Plea Offer

II. THE PCR COURT ERRED IN FINDING THAT HARRIS RECEIVED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN CONNECTION WITH THE 40/20 PLEA OFFER FROM THE STATE AND, THEREFORE, THIS CASE SHOULD BE REMANDED WITH DIRECTION TO HAVE THE STATE REOFFER THE 40/20 PLEA OFFER TO HARRIS AND HAVE THE TRIAL COURT VACATE HARRIS' CONVICTION AND RESENTENCE HARRIS PURSUANT TO THE 40/20 PLEA OFFER.

III. THE PCR COURT SHOULD HAVE CONDUCTED AN EVIDENTIARY HEARING

A-5141-15T1

TO ADDRESS THE TAINTED JURY CLAIM RAISED BY DEFENDANT.

IV.    THIS CASE SHOULD BE REMANDED TO THE PCR COURT WITH DIRECTION TO VACATE HARRIS' CONVICTION OR TO CONDUCT AN EVIDENTIARY HEARING BEFORE A DIFFERENT JUDGE BECAUSE THE PCR JUDGE WAS NOT IMPARTIAL AND THUS, HARRIS DID NOT RECEIVE A FAIR PCR HEARING (NOT RAISED BELOW).

Defendant, through a pro se brief, raises the following issues on appeal:

I.    THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WHERE THE RECORD BELOW UNEQUIVOCALLY DEMONSTRATED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AND COUNSEL'S FAILURE TO PROPERLY AND ACCURATELY INFORM AND COUNSEL HIM, WITH RESPECT TO THE STATE'S PLEA OFFER, RESULTED IN A REJECTION OF THAT OFFER, WHICH HE SUBSEQUENTLY RECEIVED A SENTENCE SIGNIFICANTLY GREATER THAN THAT EMBODIED IN THE STATE'S PROPOSED PLEA ORDER.

Generally, "[o]ur standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). A PCR court's findings will be upheld if they are supported by sufficient credible evidence in the record. Ibid. All legal

conclusions are reviewed de novo. State v. Harris, 181 N.J. 391, 419 (2004). We address defendant's arguments concerning the plea offer, the tainted juror and the judge's bias. We reject all three.

To prevail under Strickland/Fritz, defendant must show: (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced him. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). The Sixth Amendment has long guaranteed the right to effective plea counsel. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56 (1985); State v. DiFrisco, 137 N.J. 434, 456 (1994).

More recently, the Supreme Court extended this right to contexts where, as a result of attorney ineffectiveness, a defendant rejects a plea offer. Missouri v. Frye, 566 U.S. 134, 138 (2012); Lafler v. Cooper, 566 U.S. 156, 162 (2012). Generally, plea counsel "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 566 U.S. at 145; see State v. Powell, 294 N.J. Super. 557, 564 (App. Div. 1996) ("an attorney's conduct is incompetent when a plea offer is never communicated by the attorney to the client"). In Frye, defense counsel's performance was deficient because he allowed a plea offer to expire without communicating it to his client. Frye, 566 U.S. at 145. In Lafler, the parties

agreed counsel's performance was deficient because he erroneously told his client he could not be convicted at trial. Lafler, 566 U.S. at 163.

To prove prejudice in the context of a plea rejection, defendant must show that but for counsel's failure to communicate, there was a "reasonable probability" he would have accepted its terms. Id. at 164. "Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . ." Frye, 566 U.S. at 147. "To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Ibid.; see also Lafler, 566 U.S. at 168.

Here, the judge found defendant's lawyer communicated the 40/20 plea offer to defendant. The judge's review of the April 2, 1992 letter, the newspaper article, and the pretrial memorandum all indicated there was only one plea offer on the table and defendant was aware of it. Even though counsel's letter did not say "40/20" specifically, she described the State's offer as "similar" to what defendant would face at trial on the kidnapping and aggravated assault charges. It is evident counsel had the maximum exposure of forty years for kidnapping and assault in mind when she wrote the letter. The pretrial memorandum and

13

counsel's recollection at the evidentiary hearing as well as the newspaper article support this conclusion.

Even if defendant was confused after counsel's explanation, the trial court reviewed the plea with him on at least one occasion prior to trial when defendant signed the pretrial memorandum. Despite the missing transcript, the trial judge must have reviewed the 40/20 plea offer because the State only made one plea offer to defendant.

Moreover, the PCR court found he would not have accepted the offer to begin with. The record supports this conclusion. Both counsel and the prosecutor testified defendant would only accept an offer of twenty-to-twenty-five years flat. Defendant admitted as much in his letter to his first trial counsel. Lawhun's testimony that she continued to ask the prosecutor to alter her offer to no avail demonstrates defendant was never satisfied with the State's offer. Although defendant received a greater sentence by going to trial than if he accepted the State's offer, this is not a case like Lafler where the defendant rejected a plea after receiving erroneous advice. Rather, defendant rejected the State's offer when it did not conform to his expectations and went to trial aware of the consequences. Accordingly, defendant did not meet either prong under the Strickland/Fritz test regarding his plea.

14

Defendant also appeals the court's December 28, 2015 ruling that his jury tampering claim was procedurally barred. In his pro se supplemental brief, defendant revived his tainted jury claim, but this time defendant alleges the juror in question was a dietician in the prison where he is housed, the two had a conversation, and the juror discussed a phone call she received about defendant prior to his trial. Notably, the only evidence defendant presented of this conversation was defendant's certification and an appointment sheet stating he met with the dietician. The judge found this claim sufficiently identical to the claim defendant brought in his first PCR petition. The first PCR judge found defendant "to be incredible" and he did "not believe his testimony," and we affirmed the denial of defendant's claim. The PCR judge herein found defendant's current jury taint claim both substantially similar to and equally incredible as the claim in his first PCR petition because both claims involved the same juror and the same alleged phone call. Therefore, his claim was procedurally barred by <u>Rule</u> 3:22-5 because it was previously adjudicated upon the merits.

Nevertheless, the judge addressed the jury tampering claim on the merits and rejected it explaining juror interviews are not warranted when a defendant fails to corroborate an allegation of juror misconduct. Here, defendant's self-

serving certification was the only evidence presented of his conversation with the juror. We discern no error in the judge's determination.

Finally, we reject defendant's argument the court was biased against him. Defendant cites to the Code of Judicial Conduct to make his claim. However, it is unclear whether defendant is arguing the judge was biased because she presided over an ex parte hearing or because the search may have violated defendant's due process rights. In any event, if the court's actions were in error, they were not plain error.

Per Rule 2:10-2, if an error has not been brought to the trial court's attention, we will not reverse based on such error unless the appellant shows plain error. Plain error is error "clearly capable of producing an unjust result." R. 2:10-2. In PCR, the question is whether the error denied a fair decision on the merits. State v. Macon, 57 N.J. 325, 338 (1971).

The judge considered seizure of defendant's documents necessary to preserve the integrity of the upcoming evidentiary hearing. After the evidentiary hearing, the PCR judge amplified her reasoning, described the ways in which she protected defendant's due process rights, and concluded she found probable cause to sign a search warrant. The court considered this step necessary because

defendant "was attempting to obstruct justice in his trial." We do not endorse the conclusion this was the only course of action.

However, ultimately, the only piece of evidence seized and then presented at the evidentiary hearing was defendant's 1991 letter to his trial counsel (stating he wanted a twenty-year plea), which defendant argued was in his favor. After reviewing the evidentiary hearing transcript and the judge's PCR decision, we discern no evident bias against defendant. We note, however, the better practice would have been to direct the state to file a discovery motion rather than authorizing the state to search an inmate's legal file. See State v. Marshall, 148 N.J. 89, 269 (1997) (noting even though the Court Rules governing PCR petitions do not contain discovery provisions, "our cases have recognized that, even in the absence of authorization in the form of a Court Rule or constitutional mandate, New Jersey courts have 'the inherent power to order discovery when justice so requires.'" (quoting State ex rel. W.C., 85 N.J. 218, 221 (1981))).

We have carefully reviewed defendant's remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-5141-15T1