**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1870-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN BRINSON, a/k/a JOHN
BROWN, and CHRISTOPER
EVANS,

    Defendant-Appellant.

_____

Submitted February 12, 2024 – Decided March 12, 2024

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-03-0811.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Brinson appeals from the trial court's January 21, 2022 order denying his petition for post-conviction relief ("PCR"). Defendant alleges his trial counsel was constitutionally ineffective because he failed to properly communicate the plea offers during his trial. Based on our review of the record and the applicable legal principles, we vacate and remand for further proceedings.

I.

Defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count two); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three). Following a jury trial, defendant was found guilty on all charges and was sentenced to an aggregate term of fifty years in prison subject to eighty-five percent parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the conviction and sentence on direct appeal. State v. Brinson (Brinson I), No. A-3611-13 (App. Div. Jan. 11, 2017) (slip op. at 2). The Supreme Court denied defendant's petition for certification. State v. Brinson, 230 N.J. 418 (2017).

In June 2017, defendant filed a petition for PCR. In May 2018, the trial court denied the PCR petition without an evidentiary hearing. We affirmed the denial of the petition, but the Supreme Court remanded for an evidentiary hearing with respect to defendant's ineffective assistance of counsel claim as it related to a purported plea offer. State v. Brinson (Brinson II), No. A-0282-18 (App. Div. Jan. 31, 2020); State v. Brinson, 241 N.J. 487 (2020). The facts underlying defendant's conviction are set forth in our prior opinion involving defendant's direct appeal and need not be repeated here. Brinson I, slip. op. at 3-11.

Defendant's principal contention in this matter involves the PCR court's interpretation of the Supreme Court's remand order and the PCR court's corresponding rulings, which limited defendant's effort to use the evidentiary hearing to explore trial counsel's discussions with defendant concerning the State's plea offers. The Supreme Court's remand order stated: "It is [ordered] that the petition for certification is granted, and the matter is summarily remanded for a limited evidentiary hearing to determine whether a plea offer was extended and, if so, whether the offer was conveyed to defendant. Jurisdiction is not retained." Brinson, 241 N.J. at 487. Defendant contends the PCR court interpreted the Supreme Court's order "too narrowly."

A-1870-21

In framing the issue prior to the January 2021 evidentiary hearing, the PCR court noted, "[t]he [Supreme] Court remanded [this case] on . . . two limited issues with regard to, one, was the plea offer extended and, two, was the plea offer conveyed to the defendant."  When defense counsel attempted to clarify by noting the second issue was whether the plea was "effectively communicated" to defendant, the PCR court disagreed.  It noted the Supreme Court "didn't say effectively.  [It] didn't say whether [defendant] understood it.  [It] didn't say whether it was discussed.  The two issues were was it extended and was it conveyed. . . .  That's what we're going to [address]."

William Fitzsimmons, defendant's trial attorney, testified he communicated the State's plea offer to defendant just before the jury was seated.  Defendant rejected the plea offer.  Additionally, during the trial, the State again approached Fitzsimmons and made a plea offer.  He testified he communicated the plea offer to defendant, who again indicated he was not interested in the plea.  Tara Creegan, an assistant prosecutor for Essex County, confirmed she approached Fitzsimmons with the plea offers.  She further confirmed Fitzsimmons informed the prosecutor that defendant rejected the offers.

Defendant contends the PCR court's "myopic view" of the remand order inhibited defendant's ability to investigate the "substance or quality of

4

Fitzsimmons' communication of the plea offer to [defendant] despite PCR counsel's repeated attempt[s] to address the effectiveness of trial counsel[] . . . ." Specifically, PCR counsel was barred from asking trial counsel if he explained to defendant the maximum exposure he was facing. In response to defense counsel's argument that the Supreme Court intended to allow PCR counsel to inquire, not just about the fact that there was a communication, but also whether it was done effectively, the court stated, "[b]ut [the order] doesn't say that. . . . [I]f [the Supreme Court] meant effectively, [it] would have said effectively. [It] didn't say that. [It] didn't say whether [defendant] understood it. [It] didn't say whether it was discussed."

Ultimately, the PCR court determined defendant's trial counsel did receive a plea offer from the State and that the plea offer was conveyed to defendant. Accordingly, the court noted, "[t]hat being the case, I believe, that the [c]ourt has addressed the two issues that were remanded from the Supreme Court." The PCR court denied defendant's petition by order dated January 21, 2022.

II.

Defendant raises the following point on appeal:

> POINT I
>
> THE PCR COURT ERRED IN RULING THAT DEFENDANT RECEIVED THE EFFECTIVE

5

ASSISTANCE OF COMPETENT TRIAL COUNSEL IN CONNECTION WITH THE STATE'S PLEA OFFER TO DEFENDANT.

More particularly, defendant argues Fitzsimmons failed to properly advise defendant regarding the significance of the plea offer, and that had defendant received such advice, he would have accepted the plea. Defendant asserts Fitzsimmons should not have only communicated the plea offer but should have also provided defendant with "meaningful advice concerning [defendant's] options, including the advantages and disadvantages of accepting a plea versus being exposed to a substantially greater sentence."

Defendant contends the PCR court failed to consider testimony concerning the effectiveness of defendant's trial counsel with respect to his communicating to defendant both the plea offers and the possible consequences of going to trial. He argues trial counsel must advise a defendant regarding his potential sentencing exposure and the various options a defendant faces during plea negotiations, and that a defendant has a right to make a reasonably informed decision about whether to accept or reject a plea offer. Strickland v. Washington, 466 U.S. 668, 688 (1984). Defendant asserts he should have been advised regarding the options of entering an open plea or going to trial. He asserts because he was not properly informed, he could not make a reasonably

A-1870-21

informed decision regarding the plea—whether it was as the jury was being seated or in the middle of trial—because he was not told about the differences between the options he faced. Defendant claims his lack of meaningful assistance warrants a further evidentiary hearing.

Defendant notes the prosecutor's testimony at the hearing revealed that defendant's sentence would have been substantially less if he had the opportunity to accept the State's plea offer. Moreover, defendant argues he presented a prima facie case that there was a reasonable probability he would have accepted the plea. He contends that the court not only erred in not allowing testimony concerning the effectiveness of counsel's communication of the plea offer, but also in preventing defendant from testifying regarding whether he would have accepted the plea. Defendant asserts he is entitled to an evidentiary hearing on the ineffectiveness of counsel and the prejudice that resulted therefrom.

The State counters the testimony at the PCR hearing revealed a plea offer was extended to defendant during the September 2013 trial and that defense counsel conveyed the offer to defendant. Moreover, the record revealed defendant did not accept the offer. Therefore, the State contends there is no indication trial counsel was ineffective and because defendant maintained his

A-1870-21

innocence even after being convicted at trial, it would have been improper for the court to accept a guilty plea from him.

Generally, "[o]ur standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). A PCR court's findings will be upheld if they are supported by sufficient credible evidence in the record. Ibid. All legal conclusions are reviewed de novo. State v. Harris, 181 N.J. 391, 419 (2004).

To prevail under Strickland/Fritz, a defendant must show: (1) his lawyer's performance was deficient; and (2) the deficient performance prejudiced him. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). The Sixth Amendment has long guaranteed the right to effective plea counsel. U.S. Const. amend. VI; see, e.g., Hill v. Lockhart, 474 U.S. 52, 56 (1985); State v. DiFrisco, 137 N.J. 434, 456 (1994).

The Supreme Court has extended this right to contexts where, as a result of attorney ineffectiveness, a defendant rejects a plea offer. Missouri v. Frye, 566 U.S. 134, 138 (2012); Lafler v. Cooper, 566 U.S. 156, 162 (2012). Generally, plea counsel "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 566 U.S. at 145; see State v. Powell, 294 N.J. Super. 557,

564 (App. Div. 1996) (quoting United States v. Barber, 808 F. Supp. 361, 378 (D.N.J. 1992), aff'd, 998 F.2d 1005 (3d Cir. 1993)) ("[A]n attorney's conduct is incompetent when a plea offer is never communicated by the attorney to the client."). In Frye, defense counsel's performance was deficient because he allowed a plea offer to expire without communicating it to his client. 566 U.S. at 145. In Lafler, the parties agreed counsel's performance was deficient because he erroneously told his client he could not be convicted at trial. 566 U.S. at 163.

To prove prejudice in the context of a plea rejection, defendant must show that but for counsel's failure to communicate, there was a "reasonable probability" he would have accepted its terms. Id. at 164. "Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . ." Frye, 566 U.S. at 147. "To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Ibid. See also Lafler, 566 U.S. at 168.

The PCR court's reading of the Supreme Court's remand order was overly restrictive and prevented PCR counsel from investigating the nature and quality of trial counsel's communications with defendant regarding the plea offer. We

9

view the Supreme Court's order—where it indicates that an evidentiary hearing was necessary to determine "whether the offer was conveyed to defendant"—as including whether trial counsel meaningfully explained the plea offer to defendant. The essence of a PCR application such as this is whether defense counsel provided constitutionally effective assistance to defendant, and it follows that our Supreme Court would not limit the inquiry at an evidentiary hearing as suggested by the PCR court.

It is implied in the order that the Court intended the PCR court to consider whether PCR counsel "effectively communicated" the plea offer to defendant. The mere communication of the offer to defendant would not provide meaningful information to the PCR court as to whether trial counsel provided effective assistance of counsel. We recognize the PCR court was trying to adhere to the plain language of the order. However, we conclude the Supreme Court did not intend to limit the inquiry in that manner.

Accordingly, we are constrained to remand for the PCR court to conduct a further evidentiary hearing. The court shall allow PCR counsel to inquire regarding what trial counsel advised defendant, including any explanation from counsel regarding defendant's potential sentencing under the plea bargain,

A-1870-21

exposure from a guilty verdict, and other relevant issues in the context of the plea offer.

The State contends defendant has always maintained his innocence; whereas, defendant claims that if he had been made aware of the plea offer, he would have been able to make an informed decision as to whether to accept or decline the same. The court should also address this issue in the context of the Strickland analysis.

Here, even if on remand the PCR court determines there was ineffective assistance of counsel by his failing to properly convey or explain a plea offer, the PCR court "must decide whether defendant would have or could have entered a guilty plea to the purported plea offer if correctly advised concerning the sentencing consequences." State v. Taccetta, 200 N.J. 183, 193-94 (2009) (emphasis omitted). In Taccetta, the defendant was provided inaccurate advice from his trial counsel regarding a plea offer made by the State. Id. at 192. The PCR court also found the defendant would have pled guilty if given the proper advice, notwithstanding the fact that the defendant maintained his innocence. Id. at 190-92. The defendant testified he would have perjured himself and admitted that he participated in the aggravated manslaughter "if the deal was right." Id. at 191.

11

The Supreme Court concluded the PCR court erred in accepting the defendant's testimony for the purposes of satisfying prong two of the Strickland/Fritz standard. Id. at 194-95. The Court noted:

> we conclude, as a matter of law, that defendant could not have entered a plea of guilty to the purported plea proposal. We reach that conclusion for the simple reason that a defendant does not have the right to commit perjury in giving a factual basis for a crime that he insists he did not commit. Therefore, even if defendant met the first prong of the Strickland/Fritz standard—that his counsel was constitutionally ineffective for giving him mistaken advice about the sentencing consequences of proceeding to trial— defendant cannot satisfy the second prong of that standard, which requires a showing of prejudice. See Fritz, 105 N.J. at 52 (citation omitted); see also Strickland, 466 U.S. at 697.
>
> [Ibid. (citations reformatted).]

The Court further observed,

> [t]he notion that a defendant can enter a plea of guilty, while maintaining his innocence, is foreign to our state jurisprudence. Court-sanctioned perjury is not a permissible basis for the entry of a plea in this State. See Shammas v. Shammas, 9 N.J. 321, 330 (1952) ("All perjury is an affront to the dignity of the court and to the integrity of the judicial process . . . .").
>
> [Id. at 195-96 (citation reformatted) (footnote omitted).]

The Court noted,

12                                                          A-1870-21

> Rule 3:9-2 instructs our courts not to accept a plea of guilty unless "there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea."
>
> [Id. at 196.]

Here, if defendant maintains his innocence, he will be unable as a matter of law to satisfy the Strickland/Fritz standard.[1] However, this issue was never addressed by the PCR court. On remand, the PCR court will need to address whether defendant would have accepted the plea offer, if it determines counsel was ineffective.

To the extent we have not addressed any remaining arguments, we have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Indeed, if defendant continues to assert his innocence, the PCR court may not even have to address the first prong of Strickland/Fritz standard. See Fritz, 105 N.J. at 52; see also Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

A-1870-21