**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0090-24

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TERRY E. DILLIGARD II,

 Defendant-Appellant.

_____

<div style="margin-left:2em">

Submitted May 19, 2026 – Decided June 9, 2026

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 12-03-0036 and 12-03-0067.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Jennifer Davenport, Attorney General, attorney for respondent (Amanda G. Schwartz, Deputy Attorney General, of counsel and on the brief).

</div>

PER CURIAM

Defendant Terry E. Dilligard II appeals from a June 25, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues he was entitled to an evidentiary hearing on his claims that his trial and appellate counsel provided ineffective assistance. Following our review of the record and applicable legal principles, we affirm.

I.

We incorporate the facts leading to defendant's July 22, 2015 convictions from our decision on defendant's direct appeal, State v. Dilligard II, (Dilligard) No. A-5060-18 (App. Div. July 17, 2020) (slip op. at 2), and from the record. The following facts are pertinent to this appeal.

In two indictments, defendant was charged with numerous crimes, including second-degree conspiracy to commit theft by deception and financial facilitation, second- and third-degree theft by deception, possession of property derived from criminal activity, second-degree identity theft, first- and third-degree financial facilitation, possession of property derived from criminal activity, engaging in transactions for the purpose of disguising the notice of the transaction, and third-degree uttering a forged instrument. These charges were primarily related to false claims for unemployment insurance based on fictitious previous employment. Id. at 4.

2

In 2010, the Financial Crimes Unit of the New Jersey Division of Criminal Justice and the New Jersey Department of Labor investigated defendant. The investigation revealed defendant filed approximately 100 fraudulent claims for unemployment insurance benefits, resulting in the theft of $2,400,000 from the State of New Jersey. Ibid. He, his father, his sister, and his girlfriend were ultimately arrested and charged with numerous crimes.

Defendant was placed under arrest in the hallway adjacent to the living room area of his apartment. The officers did not have a search warrant for defendant's residence, only a civil seizure order for property acquired as a result of criminal activity. Detective Mario Estrada asked defendant if any weapons or individuals were present in the apartment, and he responded no. Id. at 5. Detective Estrada asked defendant for his consent to search his apartment for evidence, without revealing the purpose of the investigation. Ibid.

Defendant signed the permission to search form and a Miranda[1] rights form according to the officers. Later, he signed a second Miranda form in an interview room at police headquarters in Whippany. Id. at 6. During the search of defendant's apartment, police seized computers, phones, checks, bank and credit cards, and approximately $40,000 in cash. Defendant admitted to filing

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0090-24

fraudulent submissions, cashing checks pertaining to those submissions, having two different Social Security numbers, and falsifying documents in this State and other states.

Defendant moved to suppress evidence from his apartment and the statements he had given to law enforcement. At the evidentiary hearing, defendant's trial counsel did not object to the permission to search form, S-2, or a Miranda rights form, S-3, which Detective Estrada testified defendant signed, and which were admitted into evidence. Following the hearing, the trial court denied defendant's motion to suppress as to evidence seized within the scope of a search for weapons but granted the motion as to evidence outside of defendant's consent to search for weapons. The trial court denied defendant's motion to suppress his statement. We affirmed on direct appeal. Id. at 16.

All of the charges were consolidated, and defendant pled guilty to three of the charges pursuant to a plea agreement. On April 13, 2015, defendant was sentenced in accordance with the plea agreement to two consecutive nine-year terms of imprisonment on counts three and eleven of Indictment No. 12-03-0036, and a concurrent seven-year prison term on Indictment No. 12-03-0067. Id. at 9.

A-0090-24

On March 9, 2016, we heard oral argument pursuant to Rule 2:9-11, on defendant's appeal of his sentence. He argued his sentence was excessive. We affirmed the sentence and issued an order stating the sentence was not manifestly excessive or unduly punitive and did not constitute an abuse of discretion. State v. Dilligard, II, No. A-0284-15 (App. Div. Mar. 9, 2016).

On April 8, 2016, defendant filed a self-represented PCR petition. In his supporting certification, defendant stated that trial counsel rendered ineffective assistance by ignoring his request to challenge the authenticity of the permission to search form, S-2, or the Miranda form, S-3. Defendant claimed he "never completed or signed such a form" and requested a handwriting expert, but trial counsel failed to do so. Defendant contended trial counsel was ineffective for not filing the motion to suppress before he was "forced to sign a trial memo" after months of negotiation and the State's withdrawal of its plea offer of fifteen years' incarceration with a five-year period of parole ineligibility and was not properly advised regarding the Intensive Supervision Program (ISP). Defendant also claimed trial counsel was ineffective for not informing the State that he passed a polygraph examination, in which he denied signing S-2 and S-3, for failing to file a motion for the return of property and misinforming him about how much time he would spend in prison.

5

On June 19, 2018, defendant's counsel filed a motion to compel the State to produce the original permission to search and <u>Miranda</u> forms to facilitate a handwriting analysis.  In response, the State provided duplicate copies of S-2 and S-3.  On September 7, 2018, the trial court denied the motion and set a briefing schedule for a PCR petition.

On June 6, 2019, defendant's prior PCR counsel submitted an amended brief setting forth the following arguments:

> TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT WHEN THE STATE ADMITTED COPIES RATHER THAN ORIGINALS OF THE PERMISSION TO SEARCH (S-2) AND <u>MIRANDA</u> FORM (S-3) INTO EVIDENCE, AS THERE WAS A GENUINE DISPUTE AS TO THE AUTHENTICITY OF [DEFENDANT'S] SIGNATURES ON THE TWO FORMS.
>
> TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO ENGAGE A HANDWRITING EXPERT TO DETERMINE WHETHER [DEFENDANT'S] SIGNATURES ON THE PERMISSION TO SEARCH AND <u>MIRANDA</u> FORMS HAD BEEN FORGED OR OTHERWISE MANIPULATED.
>
> DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT THE POLICE WARRANTLESS ENTRY INTO DEFENDANT'S RESIDENCE WAS UNLAWFUL UNDER THE FOURTH AMENDMENT.

A-0090-24

DEFENSE COUNSEL'S CUMULATIVE ERRORS
DENIED [DEFENDANT] A FAIR AND
REASONABLE TRIAL.

APPELLATE COUNSEL FAILED TO CHALLENGE
THE SUPPRESSION ORDERS ON DIRECT
APPEAL.

APPELLATE COUNSEL WOULD NOT HAVE BEEN
PRECLUDED FROM RAISING THE
WARRANTLESS ENTRY OF DEFENDANT'S
HOME ON DIRECT APPEAL.

[DEFENDANT] ENTERED A GUILTY PLEA UPON
ASSURANCES HIS FOURTH AMENDMENT
CLAIMS WOULD BE RAISED ON DIRECT
APPEAL.

[DEFENDANT] DETRIMENTALLY RELIED UPON
HIS ATTORNEY'S MISREPRESENTATIONS [AS
TO ISP ELIGIBILITY] WHEN HE DECLINED THE
STATE'S INITIAL PLEA OFFER.

Prior PCR counsel served a report prepared by Carmen S. Figueroa, an assistant chief investigator and polygraph examiner for the New Jersey Public Defender's office dated December 23, 2014. Figueroa concluded, after asking defendant whether he signed the permission to search form, a Miranda Rights card, and a Miranda form at the police station that "there were not significant reactions of deception" to these questions after analyzing the charts. In addition, prior PCR counsel also submitted a letter dated October 5, 2018, from Andrew Sulner, a privately retained forensic document examiner. Sulner opined the

7

signatures on S-2 and S-3 were "wholly consistent with having been signed by the same individual," and it was "unlikely" that the signatures alone or the entire signature block were the product of a "cut-and-paste" process. Sulner did not conclude defendant's signatures were forged.

The PCR court granted defendant forty-five days to file a direct appeal of the motion to suppress and "all related claims" raised in his PCR petition. The PCR petition was dismissed without prejudice to defendant's rights to refile it under Rule 3:22-12(a)(3).[2]

After we issued our decision and the Supreme Court denied defendant's petition for certification, State v. Dilligard II, 244 N.J. 304 (2020), the prior court granted defendant's request to reinstate his PCR petition. On September 21, 2022, defendant's current PCR counsel submitted a second amended brief in support of PCR relief, incorporating his prior self-authored and counseled arguments, and presenting the following new arguments:

> TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ARGUE THAT THE WARRANTLESS SEARCH AND NON-CONSENSUAL ENTRY INTO

---

[2] Rule 3:22-12(a)(3) provides: "A petition dismissed without prejudice . . . because a direct appeal, including a petition for certification, is pending, shall be treated as a first petition for purposes of these rules if refiled within [ninety] days of the date of the judgment on direct appeal, including consideration of a petition for certification . . . ."

[DEFENDANT'S] APARTMENT WAS UNCONSTITUTIONAL.

TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT WHEN THE STATE ADMITTED COPIES, RATHER THAN ORIGINALS, OF THE PERMISSION TO SEARCH (S-2) AND MIRANDA FORM (S-3) INTO EVIDENCE, AS THERE WAS A GENUINE DISPUTE AS TO THE AUTHENTICITY OF [DEFENDANT'S] SIGNATURES ON THE TWO FORMS.

TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO ENGAGE A HANDWRITING EXPERT TO DETERMINE WHETHER [DEFENDANT'S] SIGNATURES ON THE PERMISSION TO SEARCH AND MIRANDA FORMS HAD BEEN FORGED OR OTHERWISE MANIPULATED.

[DEFENDANT'S] CLAIMS ARE NOT BARRED PROCEDURALLY FROM BEING RAISED IN THIS PETITION FOR [PCR].

On October 26, 2022, PCR counsel provided the PCR court with a letter from defendant referencing a letter dated February 4, 2015, sent to his trial counsel enclosing another expert forensic document/handwriting examiner's findings. The examiner, J. Wright Leonard, concluded the signatures on S-2 and S-3 "were executed by the same hand" that executed comparison specimens.

On April 28, 2023, Judge Robert E. Lytle heard oral argument on defendant's PCR petition and reserved decision. The judge denied all of defendant's PCR claims in an order and thorough forty-four-page written

9

opinion. The judge found defendant failed to establish prima facie claims of ineffective assistance of trial or appellate counsel. The judge rejected the claims that trial counsel was ineffective in counseling defendant about his eligibility for ISP. The judge reasoned trial counsel engaged in "strategic decisions" not to question the validity of the initial entry of police into defendant's apartment, object to the introduction of S-2 and S-3 on authentication grounds, or call a handwriting expert to testify about the signatures on S-2 and S-3.

The judge determined appellate counsel was not ineffective because "while the appeal was certainly filed late," defendant had the opportunity to argue that the trial court incorrectly denied his suppression motion, which we ultimately rejected. Dilligard, slip op. at 14. This appeal followed.

Defendant raises the following contentions on this appeal:

POINT I

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FAILURE OF TRIAL COUNSEL.

(A) TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE AUTHENTICITY OF THE PERMISSION TO SEARCH FORM AND FIRST MIRANDA FORM.

10

(B) TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE ENTRY INTO DEFENDANT'S APARTMENT, AND THEREFORE THE SEARCH WAS INVALID NECESSITATING SUPPRESSION OF ALL EVIDENCE SEIZED AS WELL AS SUPPRESSION OF DEFENDANT'S CONFESSION.

(C) APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE SUBSTANTIVE ARGUMENTS ON DEFENDANT'S CLAIMS THAT THE INITIAL ENTRY INTO DEFENDANT'S APARTMENT VIOLATED HIS FOURTH AMENDMENT RIGHTS, AND THAT THEREFORE THE SUBSEQUENT SEARCH WAS INVALID.

(D) FAILURE OF TRIAL COUNSEL TO PROPERLY ADVISE DEFENDANT DURING PLEA NEGOTIATIONS DENIED HIM EFFECTIVE ASSISTANCE OF COUNSEL, WHICH SEVERELY IMPACTED THE PLEA PROCESS SUCH THAT HE WENT TO TRIAL WHEN HE OTHERWISE WOULD HAVE PLED GUILTY, AND HE RECEIVED A SENTENCE OF LIFE IMPRISONMENT INSTEAD OF THIRTY YEARS WITHOUT PAROLE.[3]

---

[3] Defendant incorrectly states he received "life imprisonment instead of thirty years without parole." His correct sentence is stated in this opinion.

A-0090-24

II.

We review the legal conclusions of a PCR court de novo.  State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  The de novo standard also applies to mixed questions of law and fact.  Ibid.  Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court. . . ."  Id. at 421; see also State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025).

To succeed on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence.  State v. Gaitan, 209 N.J. 339, 350 (2012).  First, a defendant must show that "counsel's performance was deficient."  Strickland, 466 U.S. at 687.  This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Ibid.  The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of

A-0090-24

reasonableness." Id. at 687-88. When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 669.

"Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with counsel's "exercise of judgment during the trial, . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

For the second prong of the Strickland test, the defendant must show "the deficient performance prejudiced the defense." 466 U.S. at 687. This means

13

"counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (1999). "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting State v. Porter, 216 N.J. 343, 355 (2013)). Where a "court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted); see also R. 3:22-10(e)(1)-(2).

Defendant is also entitled to the effective assistance of counsel on direct appeal. State v. O'Neil, 219 N.J. 598, 610 (2014). State v. Morrison extends the Strickland/Fritz standard to the assessment of claims of ineffectiveness of appellate counsel. 215 N.J. Super. 540, 545-46 (App. Div. 1987). However, appellate counsel has no duty to raise every non-frivolous argument available to a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983). "Experienced

A-0090-24

advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Id. at 751-52.

We affirm the order denying defendant's PCR petition substantially for the reasons set forth in Judge Lytle's opinion. We add the following comments.

## A.

Defendant argues the judge erred by not conducting an evidentiary hearing regarding the authenticity of the permission to search and first Miranda form. Defendant maintains trial counsel was ineffective for failing to investigate the authenticity issue and gave a "mere pro forma objection" to the signature issue. Defendant also contends trial counsel was ineffective for not engaging a handwriting expert.

Trial counsel's decision not to challenge the authenticity of defendant's signatures on S-2 and S-3 at the suppression hearing was not deficient given the State's proofs. The prior court addressed defendant's challenge to the authenticity of his signatures and re-opened the record to allow defendant to present evidence supporting his claim that he did not sign S-2 or S-3. The prior court considered additional testimony and determined the five officers who testified credibly stated defendant signed S-2 and S-3 at his apartment.

15

Decisions regarding matters of trial strategy and how to present testimony are entitled to substantial deference. State v. Arthur, 184 N.J. 307, 321 (2005).

We discern no error in Judge Lytle's observation that trial counsel's decision not to call a handwriting expert was "reasonable" because any such expert report had to be provided to the State, regardless of whether the results were favorable or unfavorable to defendant. R. 3:13-3(b)(2)(A). Moreover, the two handwriting experts defendant previously engaged opined it was "very unlikely" the signatures were manipulated. Thus, defendant failed to establish ineffective assistance of trial counsel under the first Strickland/Fritz prong.

We likewise conclude defendant failed to establish prejudice under the second Strickland/Fritz prong. The judge correctly applied the Strickland/Fritz standard and found no prejudice under the second prong because defendant did not meet his burden that challenging the authenticity of S-2 and S-3 would have altered the outcome of the suppression hearing. The record supports that determination.

B.

Defendant next argues the judge erred in not conducting an evidentiary hearing regarding his trial counsel's failure to object to the police officers' initial warrantless entry into his apartment, which he claims tainted the subsequent

search and confession at the motion to suppress hearing. Defendant contends the judge erred in finding that this court had already considered the legality of the officers' initial entry into defendant's apartment. In the pre-trial motion, trial counsel limited his arguments to the consent-to-search aspect of the exception to the warrant requirement. For the first time on appeal, defendant raised the issue of whether the officers' initial entry into his home was unlawful without his consent.

We discern no abuse of discretion in the PCR judge's decision that no evidentiary hearing was required on this claim. In Dilligard, we explained that police entrance into a home to execute an arrest warrant is a "well-settled" principle. Slip op. at 12. The judge duly observed that it was trial counsel's strategy "to focus on other aspects of potential argument subsequent to police entrance" into the apartment. We conclude defendant's argument on this claim lacks merit and fails to satisfy the two-prong Strickland/Fritz test.

C.

We likewise reject defendant's argument that his appellate counsel was ineffective for failing to argue the officers' initial entry into his apartment violated his Fourth Amendment rights. Defendant asserts appellate counsel only raised the issue of the brief entry into the apartment to arrest defendant but failed

17

to challenge the officers' moving him to the kitchen table to sign S-2 and S-3. The judge found defendant's claim was barred under Rule 3:22-5 because we addressed the legality of the search on direct appeal. See State v. McQuaid, 147 N.J. 464, 483 (1997).

Under established law, a defendant "may not use a petition for [PCR] as an opportunity to relitigate a claim already decided on the merits." Ibid. (citing R. 3:22-5). Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction . . . or in any appeal taken from such proceedings." Thus, "a prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." State v. Preciose, 129 N.J. 451, 476 (1992).

Governed by these standards, we discern no basis to disturb the judge's finding that Rule 3:22-5 bars defendant's claim on this point because we addressed the issue on direct appeal. Consequently, appellate counsel's decision not to raise this issue on appeal was not deficient and defendant was not prejudiced because he failed to show a "reasonable probability" that the outcome of the appeal would have been different. O'Neil, 219 N.J. at 612.

A-0090-24

D.

Finally, defendant contends the judge erred in not granting an evidentiary hearing on his claim he would have accepted the State's initial plea offer but for trial counsel's allegedly incorrect advice regarding his ISP eligibility. The judge determined defendant offered only a bare assertion and failed to identify evidence establishing how trial counsel's advice was incorrect or that defendant would have accepted the plea offer if properly informed.

A defendant's Sixth Amendment right to a fair trial extends to the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162 (2012); State v. Taccetta, 351 N.J. Super. 196, 200 (App. Div. 2002). "In the context of a guilty plea, counsel is required to give a defendant information sufficient 'to make a reasonably informed decision whether to accept a plea offer.'" Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir. 2013) (quoting United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992)). "Knowledge of the comparative sentencing exposure between standing trial and accepting a plea offer" is crucial to providing a defendant with the necessary information to make an informed decision in accepting or rejecting a plea offer. Day, 969 F.2d at 43.

In the matter under review, defendant presented no evidence supporting his claim that trial counsel failed to properly advise him regarding ISP

19

eligibility, only a bare assertion. Our review of the record contradicts defendant's claim because the State offered subsequent plea offers multiple times in exchange for flat-term sentences without opposition to ISP applications. Importantly, defendant would have been ineligible for ISP or parole for the first three years of his sentence under the State's initial plea offer.

Moreover, the record shows defendant made clear at the suppression hearing that he would not consider any plea offer until the suppression motions were adjudicated. Defendant was advised the plea offer would expire at the close of business on August 1, 2014, but he rejected it reiterating he could not negotiate until the suppression motions were decided. Defendant failed to allege specific facts in the form of admissible evidence to support his prima facie claim. Cummings, 321 N.J. Super. at 170.

The judge properly concluded defendant failed to satisfy the first Strickland/Fritz prong because he did not meet his burden to show trial counsel's advice was deficient. Under the second Strickland/Fritz prong, defendant failed to show that the advice led him to accept a plea offer resulting in prejudice. Given that defendant failed to establish a basis for PCR under the Strickland/Fritz framework, we discern no error in Judge Lytle's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

20                                                                 A-0090-24